[Civ. No. 2327. Second Appellate District.—September 5, 1917.]

COUNTY OF RIVERSIDE, Respondent, v. ALBERHILL COAL AND CLAY COMPANY (a Corporation), Defendant; LOS ANGELES PRESSED BRICK COMPANY (a Corporation), Appellant.

HIGHWAY—TAKING OF PRIVATE PROPERTY—PLEADING—NECESSITY.—In an action brought on behalf of a county to enforce condemnation of a strip of land for public road purposes, it is not necessary, under the amendment of 1913 to section 1241 of the Code of Civil Procedure, that it should appear by the allegations of the complaint that the board of supervisors had in a formal way by resolution declared the existence of the public necessity for the laying out of the road and the taking of the property, where it is alleged that all the steps required by section 2681 et seq., of the Political Code from the filing of a petition by freeholders, including hearing on report of viewers, and the fixing of damages by the board had been taken by the board.

ID.—ESTABLISHMENT OF PUBLIC ROAD—DETERMINATION OF BOARD OF SUPERVISORS CONCLUSIVE.—The determination of the board of supervisors after compliance with the provisions of section 2681 et seq. of the Political Code to establish a public road is conclusive as to the necessity for and location of the road, and the amendment of 1913 to section 1241 of the Code of Civil Procedure has not changed the law.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Collier & Craig, for Appellant.

W. A. Purington, and Lyman Evans, for Respondent.

JAMES, J.—The defendant Los Angeles Pressed Brick Company, a corporation, appeals from the judgment and from an order denying its motion for a new trial. The action was brought on behalf of the county of Riverside to enforce condemnation of a strip of land for public road purposes. Acting under the authority of the provisions of article VI, chapter 2, of the Political Code, as those provisions are embodied in section 2681 et seq., the board of supervisors of plaintiff county made an order directing the district attorney to prosecute this action. All of the steps taken, from the filing of a petition by freeholders, including hearing on report of viewers, and the fixing of damages by the board of supervisors, were sufficiently alleged. The answer of appellant made no issue as to any of those allegations. The principal matters urged in defense by its answer refer to the alleged inadequate amount of damages. The defendant did, however, assert that there existed no public necessity for the road; that the same was in truth and in fact for the convenience of a certain clay manufacturing company. The trial court found that all of the allegations of the complaint were true. It is the contention of appellant that it should have appeared by the allegations of the complaint that the board of supervisors had in a formal way by resolution declared the existence of the public necessity for the laying out of the road and the taking of appellant's property. This contention is based upon the condition of the law as found in section 1241 of the Code of Civil Procedure, where it is declared that before property may be taken by condemnation it must appear that the taking is necessary to the use claimed, and that provision further declares as follows: "Provided, when the legislative body of a county, city and county, or an incorporated city or town, shall, by resolution or ordinance, adopted by vote of two-thirds of all its members, have found and determined that the public interest and necessity require the acquisition, construction or completion, by such county, city and county, or incorporated city or town, of any proposed public utility, or any public improvement, and that the property described in such resolution or ordinance is

necessary therefor, such resolution or ordinance shall be conclusive evidence; (a) of the public necessity of such proposed public utility or public improvement; (b) that such property is necessary therefor, and (c) that such proposed public utility or public improvement is planned or located in the manner which will be most compatible with the greatest public good, and the least private injury." . The provisions to which reference has just been made were incorporated in the section mentioned by amendment enacted by the legislature in 1913. It is admitted by appellant that prior to the adoption of this amendment, under proceedings like those had for the opening of the road here involved, it was unnecessary to have proof made as to the existence of the necessity which justified the public in taking private lands. It was so held in *County of San Mateo* v. *Coburn,* 130 Cal. 631, [63 Pac. 78, 621]. The board of supervisors of the county of Riverside was acting under special provisions authorizing the laying out of a public road. Those provisions made necessary the viewing of the proposed route, fixing of damages and a hearing on the report of the viewers at which nonconsenting land owners had the right to appear and give testimony. The right existed in the board of supervisors, after such hearing, to approve or not to approve the report of the viewers. In other words, all matters affecting the project of opening the road were there to be tried and settled. In *County of San Mateo* v. *Coburn, supra,* our supreme court said: "There is no room in the present case for any question as to the character of the use for which the condemnation of the land is sought. It needs no argument to show that a highway or public road is a public use. . . . Whether a public highway is demanded in any particular region, as well as its location and extent, are also matters of a political or legislative character (citing cases). In the Political Code of this state, section 2681 et seq., the legislature has established a tribunal for determining these questions, and has provided for notice to all persons interested therein, and given them an opportunity to be heard. If this tribunal proceeds in accordance with the provisions of these sections, it acquired jurisdiction to determine these questions, and its determination is not subject to collateral attack." The effect of that decision is to hold that there is a determination made by the board of supervisors where its authority is regularly pursued, both as to

the necessity for the establishment of a public road and the necessity to take the particular land of the property owners. We do not perceive how the amendment of 1913 made to section 1241 of the Code of Civil Procedure either adds to or qualifies any of the provisions of the article before mentioned. The supreme court having declared that the provisions of that article made the determination of the board of supervisors after hearing conclusive, that determination must still be held conclusive of the same facts which the amendment to section 1241 declares essential. If, looking at section 1241, we say that before property can be taken the necessity for the taking must be shown, we must also say that this showing is fully made when it appears that the board of supervisors regularly pursued the various steps and proceedings outlined in the Political Code. The defendant admitted that all of such steps were properly taken, by failing to make denial thereof. The determination made by the board, we think, was conclusive of all questions as to the propriety of locating the road in the particular place it was, as well as of the necessity for its establishment. The road as established would be a public road regardless of the number of persons using it. (*Madera Ry. Co.* v. *Raymond Granite Co.*, 3 Cal. App. 668, [87 Pac. 27].) As to the question of the amount of damages, the evidence was conflicting, and the findings of the trial judge cannot be disturbed for that reason.

From a careful examination of the record submitted we find no error warranting a reversal of the judgment or order.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.