[Civ. No. 2768.  Second Appellate District, Division One.—March 28, 1919.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. GEORGE T. CLINE et al., Defendants; BETTIE C. RORICK et al., Respondents.

[1] STREET LAW — STREET OPENING ACT OF 1903 — ABANDONMENT OF PROCEEDINGS—ATTORNEYS' FEES—CONSTITUTIONAL LAW.—The provision of section 14 of the Street Opening Act of 1903, as amended in 1911, that if the proceedings to condemn and take land for street purposes "be abandoned or the action dismissed no attorneys' fees shall be awarded the defendants or either or any of them," is contrary to the limitations prescribed by the constitution, and, therefore, may not be enforced.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Grant Jackson, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Albert Lee Stephens, City Attorney, C. D. Pillsbury and Wm. P. Mealey, Deputy City Attorneys, for Appellant.

Daniel M. Hunsaker, Hunsaker, Britt & Edwards and Samuel Poorman, Jr., for Respondents.

CONREY, P. J.—In this action the plaintiff proceeded under the "Street Opening Act of 1903," and sought to condemn and take for street purposes certain land of the respondents.  After trial and a verdict assessing the value of the land to be taken, an interlocutory judgment was entered whereby the property of the respondents was condemned to the use of the plaintiff upon the payment of the amount specified in the judgment.  The compensation provided for by said judgment was not paid.  Instead thereof, the city attorney, after being duly authorized thereto by the city council, moved the court for dismissal of the action, and a judgment of dismissal was entered.  Thereafter, upon motion of the respondents, the court set aside the judgment of dismissal and entered a new judgment of dismissal, awarding to respondents their costs, including the sum of $850 for attorney fees.  From this judgment the plaintiff appeals, and this court is called upon to

determine whether or not the lower court was authorized to allow attorney fees to the respondents.

Title VII of part III of the Code of Civil Procedure prescribes the general rules for the exercise of the right of eminent domain in this state. In said title VII is contained section 1255a, which was added to that code by act approved March 17, 1911. [Stats. 1911, p. 377.] It provides for the right of abandonment of a condemnation proceeding and that "upon such abandonment, express or implied, on motion of defendant, a judgment shall be entered dismissing the proceeding and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees." Appellant does not challenge the constitutionality of section 1255a. That has been done in other cases, wherein the validity of the section was upheld. (*City of Sacramento* v. *Swanston*, 29 Cal. App. 212, [155 Pac. 101]; *Silver Lake etc. Co.* v. *City of Los Angeles*, 32 Cal. App. 123, [162 Pac. 432].) It was held that the proceeding to condemn property for a public use "is so differentiated from the ordinary actions or proceedings in a court of justice . . . as to bring it within the settled test justifying the assignment of the proceeding to a particular class for the purposes of reasonable provisions not applicable to other classes of actions."

Section 6 of the Street Opening Act of 1903, [Stats. 1903, p. 378], provides that the action for condemnation of land in proceedings under that act "shall, in all respects, be subject to and governed by such rules of the Code of Civil Procedure now existing, or that may be hereafter adopted, as may be applicable thereto, except in the particulars otherwise provided for in this act." Section 14 of that act declares the time and terms upon which proceedings thereunder may be abandoned. By act approved April 12, 1911, [Stats. 1911, p. 895, sec. 1], the legislature made the following addition to said section 14: "If the proceedings be abandoned or the action dismissed no attorneys' fees shall be awarded the defendants or either or any of them." Appellant contends that by reason of this amendment, respondents are deprived of the right to attorney fees in this action, which right they otherwise could claim under section 1255a of the Code of Civil Procedure. To this contention the respondents

reply that said amendment of section 14 is void because it is in conflict with certain prohibitions contained in the constitution of the state.

"All laws of a general nature shall have a uniform operation." (Const., art. I, sec. 11.)

"The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . .

"3. Regulating the practice of courts of justice. . . .

"33. In all other cases where a general law can be made applicable." (Const., art. IV, sec. 25.)

These provisions of the constitution have been illustrated and applied in numerous decisions, to only a few of which we need briefly refer. In *City of Pasadena* v. *Stimson,* 91 Cal. 251, [27 Pac. 607], after some discussion of earlier cases, the court said: "The conclusion is, that although a law is general and constitutional when it applies equally to all persons embraced in a class founded upon some natural or intrinsic or constitutional distinction, it is not general or constitutional if it confers particular privileges or imposes peculiar disabilities or burdensome conditions, in the exercise of a common right, upon a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law." In *Title etc. Restoration Co.* v. *Kerrigan,* 150 Cal. 289, 325, [119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682, 88 Pac. 356, 366], the supreme court again was called upon to define the differences between general laws and those which are special, and to emphasize the fact that under appropriate circumstances special rules may be made which, although applicable only to particular classes of cases, yet retain the characteristics of general laws. The court said: "After all, the question of classification is primarily for the legislature. The court is not to set aside a statute merely because in its view it may have been unwise or unnecessary to apply certain rules to one class of cases. Before the act can be declared invalid on this ground, it must appear to the court that there was no reasonable basis on which the peculiar legislative provision could have been made."

[1]   The Street Opening Act of 1903 is not the only statute under which the plaintiff might have elected to open the street and condemn therefor the land of respondents. Section 36 of that act provides that said act shall in no wise affect the Street Opening Act approved March 6, 1889, [Stats. 1889, p. 70], or

any other acts on the same subject, but is intended to provide an alternative system of proceedings for the purposes stated. As the act of 1889 is silent on the subject of allowances for attorney fees, it follows without any doubt that proceedings under that act are governed by the provisions contained in section 1255a of the Code of Civil Procedure, under which, upon abandonment and dismissal of the action, attorney fees must be allowed. There is no difference between the act of 1889 and the act of 1903, upon which to base a discrimination which would deprive the defendants of the right to an allowance for attorney fees in one proceeding, although that right clearly exists in the other proceeding. Moreover, there is much force in the argument of respondents, that the rule stated in section 1255a of the Code of Civil Procedure, allowing attorney fees generally upon abandonment and dismissal of condemnation proceedings, should exclusively control all such cases, because equally in all such cases the defendant property owner is brought into court against his will and without any claim that he has violated any obligation due from him to the plaintiff. In this respect the situation of the defendant is precisely the same in an action to condemn land for street purposes as in an action to take his land for the use of a railroad or for any other public use. Our conclusion is, that the provision here under consideration, of section 14 of the Street Opening Act of 1903, is contrary to the limitations prescribed by the constitution, and therefore may not be enforced.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1919.

Shaw, J., Melvin, J., Lennon, J., and Olney, J., concurred.