[Civ. No. 4932. First Appellate District, Division Two.—December 18, 1924.]

CITY OF OAKLAND (a Municipal Corporation), Respondent, v. W. PARKER et al., Defendants; WILLIAM M. GREUNER et al., Appellants.

[1] EMINENT DOMAIN—PUBLIC STREET—PROCEDURE — NECESSITY AND ADVISABILITY—HEARING.—For the purpose of acquiring land for a new public street a city may proceed under the general laws relating to condemnation of property for public uses, or under the Street Opening Act of 1903; and when the procedure authorized by the Code of Civil Procedure is followed, the property owner is not entitled to be heard on the question of necessity or advisability of the route chosen.

[2] ID.—NECESSITY AND ROUTE—LEGISLATIVE FUNCTION.—In the condemnation of property for a new public street under the general code provisions, the questions of necessity and route are purely legislative ones to be determined by the legislative body alone, and its determination is conclusive.

[3] ID.—OWNERS BENEFITED—PAYMENT OF EXPENSES—RIGHT TO CONDEMN LAND.—Neither the fact that the proposed street would benefit one property owner more than another nor the fact that said owner has agreed to pay all the expenses of the acquisition of the land deprives the city of the right to condemn the land and open the street for public use.

---

1. See 19 **Cal. Jur.** 27.

[4] ID.—OPTION TO ABANDON PROCEEDINGS — CONSTITUTIONAL LAW.—Where a city has not attempted to avail itself of the option to abandon the eminent domain proceedings, but has paid into court the amount of the judgment awarded to the defendants, on appeal from the judgment of condemnation the question of the constitutionality of the code provisions giving the right to enforce or abandon the proceedings is not involved, and anything said on that subject would be mere *dicta.*

[5] ID.—MEASURE OF DAMAGES—USES OF PROPERTY.—The measure of damages to which a property is entitled in the condemnation is the market or actual value of the property plus the damage to the land not taken, if any; and in estimating this value the test is not the value for special purposes, but the fair value in view of all purposes to which the property is naturally adapted, and such uses do not include remote or speculative possibilities or the value if the property should be devoted to some other particular use.

[6] ID.—SPECULATIVE VALUE — EVIDENCE.—In a suit to condemn a strip of land to be used for the purpose of a public street, where the court has heard all evidence directed to the fair value of the property taken and to the damage to the portion of the tract not taken, it is not error to refuse to hear evidence of what value the land might have if a street were opened in another portion of the block more suitable to defendant's plans for subdividing his tract.

[7] ID. — EVIDENCE—AWARD.—In such a proceeding, where the witnesses called by the plaintiff fix the value of the lands sought to be condemned upon the basis of the fair market value and disregard the speculative value which the defendant seeks to place upon the property in the event that some other scheme of development of the entire tract were adopted, the trial court may make its award of damages based upon such evidence of fair market value.

[8] ID.—REJECTED SCHEME OF DEVELOPMENT—SPECULATIVE VALUE—EVIDENCE.—In such a proceeding, where it is shown that the city authorities rejected a proposed scheme of development of defend-

---

(1) 20 C. J., p. 885, n. 21, p. 972, n. 47; 28 Cyc., p. 836, n. 31, p. 955, n. 3.   (2) 20 C. J., p. 624, n. 83, p. 626, n. 88.   (3) 20 C. J., p. 558, n. 72; 28 Cyc., p. 956, n. 12.   (4) 4 C. J., p. 652, n. 58; 20 C. J., p. 1114, n. 71.   (5) 20 C. J., p. 727, n. 28, p. 730, n. 51, p. 757, n. 6, p. 769, n. 76, p. 773, n. 83, 85, p. 774, n. 88.   (6) 20 C. J., p. 758, n. 9 New.   (7) 20 C. J., p. 1014, n. 58.   (8) 20 C. J., p. 987, n. 74 New.

5. Evidence of special value of property taken in eminent domain, note, 124 Am. St. Rep. 536. See, also, 10 R. C. L. 131; 10 Cal. Jur. 338.

6. See 10 R. C. L. 130.

ant's entire tract because it would require the laying out of a blind or "dead end" street, the trial court may properly reject evidence of value based upon such scheme as purely speculative.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Bingaman for Appellants.

Leon Gray, City Attorney, and Bestor Robinson, Deputy City Attorney, for Respondent.

NOURSE, J.—The plaintiff sued to condemn a certain strip of land in the city of Oakland to be used for the purpose of a public street. The cause was tried by the court sitting without a jury. Findings and judgment were entered condemning the land for the purposes mentioned and the plaintiff paid into court the sum awarded to the defendant, W. M. Greuner. From this judgment said defendant prosecutes this appeal upon the judgment-roll and a bill of exceptions.

In his opening brief the appellant advances four grounds of attack upon the judgment which we will consider in the order presented:

(1) That the appellant was deprived of the opportunity of being heard before the city council for the purpose of showing that the land was really being condemned for a private use. The point is that as an adjoining property owner would be greatly benefited by the opening of the street and paid to the city all the expense of the condemnation proceedings, the use for which the property was taken was a private one. [1] The answer is that for the purpose of acquiring land for a new public street a city may proceed under the general laws relating to condemnation of property for public uses (secs. 1237–1264, incl., Code Civ. Proc.) or under the special Street Opening Act of 1903 (Stats. 1903, p. 376). (*City of Los Angeles* v. *Cline,* 40 Cal. App. 487, 489 [181 Pac. 78].) When the procedure authorized by the Code of Civil Procedure is followed the property owner is not entitled to be heard on the question of necessity or advisability of the route chosen. (*City of Los Angeles* v. *Leavis,* 119 Cal. 164, 165 [51 Pac. 34]; *Adamson* v. *County of Los Angeles,* 52 Cal. App. 125, 129 [198 Pac. 52]; *County of Los Angeles* v. *Rindge Co.,* 53 Cal. App. 166, 170 [200 Pac. 27].) [2] In all cases brought under the general code pro-

visions the questions of necessity and route are purely legislative ones to be determined by the legislative body alone. (*Wulzen* v. *Board of Supervisors,* 101 Cal. 15, 21 [40 Am. St. Rep. 17, 35 Pac. 353]; *County of San Mateo* v. *Coburn,* 130 Cal. 631, 635 [63 Pac. 78, 621]; *County of Riverside* v. *Alberhill, etc.,* 34 Cal. App. 538, 540 [168 Pac. 152].) Such determination when made by the legislative body is conclusive. (See sec. 1241, Code Civ. Proc.) **[3]** The fact that the proposed street would benefit one property owner more than another is no answer to the city's right to condemn the land and open the street for public use. (*County of Riverside* v. *Alberhill, etc.,* 34 Cal. App. 538, 541 [168 Pac. 152]), and the same may be said as to appellant's objection that this property owner had agreed to pay all the expenses of the acquisition of the land. (*Santa Ana* v. *Harlin,* 99 Cal. 538, 541 [34 Pac. 224].) In his closing brief the appellant states that the question before the court on this appeal is whether a city may condemn private land for street purposes at the behest of a land owner who agrees to pay the entire cost of the proceedings. But we find running through all the argument that appellant's real position is that if the city had laid out the street on a different route it would have been of greater benefit to him. As we have seen, the questions of route and necessity are for the council to decide, and when this determination is made the courts may not interfere.

**[4]** (2) That the code provisions relating to eminent domain proceedings are unconstitutional because they give the plaintiff an option to enforce or abandon the proceedings, thus discriminating against the defendants. Inasmuch as the respondent has not attempted to avail itself of this option the question is not involved in this appeal. Anything that we should say on the point raised would, therefore, be mere *dicta* and as such it would add nothing to the opinion.

(3) That the court erred in refusing to consider evidence of the fitness of appellant's land for subdivision purposes and the effect of the taking upon his plans for such subdivision. **[5]** The measure of damages to which a property owner is entitled in condemnation is the market or actual value of the property plus the damage to the land not taken, if any. In estimating this value "the test is not value for a special purpose, but fair value in view of all purposes to which the property is naturally adapted." (10 Cal. Jur.,

p. 338.) Such uses, however, do not include remote or speculative possibilities (*Yolo Water & Power Co.* v. *Hudson,* 182 Cal. 48, 53 [186 Pac. 772]), or the value if the property should be devoted to some other particular use. (*Sacramento Southern R. R. Co.* v. *Heilbron,* 156 Cal. 408, 409 [186 Pac. 772]; *Oakland* v. *Pacific Coast Lumber Co.,* 171 Cal. 392, 400 [153 Pac. 705].) [6] Here the trial court heard all evidence directed to the fair value of the property taken and to the damage to the portion of the tract not taken. It refused to hear evidence of what value the land might have if the city would open a street in another portion of the block more suitable to appellant's plans for subdividing his tract. In this the court committed no error.

[7] (4) That there is no evidence to support the award of damages made by the trial court. The point is that all the witnesses for the respondent disqualified themselves because of the basis upon which they estimated the value of the property, and that the court was, therefore, bound by the evidence of appellant's witnesses, all of whom fixed the value higher than the amount awarded. The respondent answers that the evidence was received without objection and that the trial court, acting under a stipulation made by the parties, viewed the premises and thereby gained some knowledge of the value of the property which must be treated as evidence in support of the findings. In each instance there are respectable authorities which support respondent's answers to the point raised, but it is unnecessary to cite them because the witnesses called by the respondent fixed the value upon the basis of the fair market value and disregarded the speculative value which the appellant sought to place upon the property in the event that some other scheme of development of the entire tract was adopted. [8] As it was shown that the city authorities had rejected this scheme because it would require the laying out of a blind or "dead end" street, the trial court properly rejected evidence of value based upon this scheme as purely speculative.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 16, 1925.

All the Justices concurred.