[Crim. No. 1304.   Second Appellate District, Division One.—September 2, 1925.]

In the Matter of the Application of CLINTON U. WILLIAMS for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—MUNICIPAL DANCE-HALL ORDINANCE—UNCERTAINTY—CONSTITUTIONAL LAW.—A municipal ordinance, regulating public dance-halls, which provides that dance partners, other than such teachers as are "necessary," shall not be employed, but which establishes no standard by which to determine what number of teachers in any dance-hall is necessary, or any limit beyond which it can be said that the teachers employed are unnecessary, thus leaving the limit beyond which a person may not legally go for the determination of a court after the act has been committed, is unconstitutional and void.

(1) 28 Cyc., p. 712, n. 22 New.

PROCEEDING in Habeas Corpus to secure the release of petitioner from custody on a charge of violating a municipal dance-hall ordinance.   Petitioner discharged from custody.

The facts are stated in the opinion of the court.

Edward J. Kelly for Petitioner.

Frank M. Downer, Jr., for Respondent.

CONREY, P. J.—This matter came on for hearing after writ issued.  It was stipulated that the facts of the case are correctly stated in the petition.

[1]  Ordinance No. 7760 (as amended by Ordinance No. 7918) of the city of San Diego is an ordinance regulating public dance-halls, providing for the licensing thereof, etc. Section 16 of this ordinance, after setting out certain rules concerning teachers or instructors in public dance-halls, provides as follows: "Dance partners, other than such teachers as are necessary, shall not be employed."

Petitioner has been arrested and imprisoned on a charge that he violated said ordinance in this, that at the stated

1.  See 24 Cal. Jur. 546.

time and place he "did wilfully and unlawfully, as owner, proprietor, manager, or person in charge of a public dance-hall employ girls as dance partners at said public dance, or in said public dance-hall, who were not necessary teachers or instructors."

Petitioner claims that said ordinance in so far as it prohibits the employment of dance partners, other than such teachers as are necessary, is unconstitutional and void. The charge that these dance partners were not necessary teachers or instructors admits that they were teachers or instructors. It follows that if the defendant was charged with any violation of the ordinance, this charge was that, as proprietor of a public dance-hall, he employed *unnecessary* teachers, and permitted them to act also as dance partners.

The ordinance has established no standard by which to determine what number of teachers in any dance-hall is necessary, or any limit beyond which it can be said that the teachers employed are unnecessary. We need not go beyond this point in our discussion of the case. The defendant may have believed in good faith, and in good faith may have acted upon the belief that four teachers were necessary in the conduct of his business. And yet if this is a valid ordinance his conviction would be sustained if the court or jury were of the opinion that only three teachers were necessary. It thus appears that the guilt or innocence of the defendant in a prosecution under this provision of the ordinance depends not upon the law itself, but upon a standard to be fixed and determined by the opinion of the court after the act has been committed.

In *Hewitt* v. *Board of Medical Examiners,* 148 Cal. 590 [113 Am. St. Rep. 315, 7 Ann. Cas. 750, 3 L. R. A. (N. S.) 896, 84 Pac. 39], it was held that a statutory provision for the forfeiture of a physician's license on account of unprofessional conduct, which conduct consisted in advertising "of medical business in which grossly improbable statements are made," was void because it was too indefinite and uncertain to be enforced. "The right of the physician to be secure in his privilege of practicing his profession is thus made to depend not upon any definition which the law furnishes him as to what shall constitute 'grossly improbable statements,' but upon the determination of the board after the statement is made and simply upon its opinion of its

improbability.'' So here, the right of the defendant to employ teachers and use them as "dance partners" is granted, but the limit beyond which he may not legally go is made to depend not upon any definition which the ordinance furnishes him as to what shall be a necessary number of teachers, but upon the determination of a court, after the act done by the defendant, and simply upon the court's opinion as to the number of teachers who are necessary.

The petitioner is discharged from custody.

Hahn, J., *pro tem.*, concurred.