[Civ. No. 7369. Second Appellate District, Division Two.—May 18, 1931.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. SADIE D. GRIFFITH ABBOTT et al., Defendants; JULIA FANTA, Executrix, etc., et al., Respondents.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland, Arthur W. Nordstrom and C. N. Perkins, Deputies City Attorney, for Appellant.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Respondents.

THOMPSON (IRA F.), J.—This is an appeal from an order denying appellant's motion to tax costs in an action of eminent domain. On May 14, 1929, the respondents gave notice that on the 20th they would move the trial court for an order dismissing the action and fixing the attorney's fees to be allowed the respondents on the ground that the action had been abandoned by the city and another action started "covering the same matter". The notice stated that it would be made on the records and files, including "affidavits now on file", but what the affidavits were is not disclosed by the transcript before us. The court rendered a judgment of dismissal which was entered August 1, 1929, wherein it was recited that the plaintiff had failed to prosecute the action and had abandoned the same and wherein it was adjudged that the defendants should recover their costs, and this judgment has long since become final. The judgment appearing in the transcript shows the exact amount of costs, including attorney's fees. On August 7th the appellant gave notice that on August 9th it would move to tax the costs claimed by the defendants on the grounds (1) that it was permanently enjoined from spending any money in the action, (2) that the judgment restraining it from proceeding with the action rendered

by the superior court had become final, (3) that there had been no abandonment of the action by the city and consequently respondents were not entitled to costs, and (4) that the attorney's fees claimed were excessive. The motion was supported by an affidavit of a deputy city attorney that on September 11, 1924, an action was brought by the O. T. Johnson corporation to restrain the city from proceeding with the improvement for which the condemnation of the land was sought and from condemning the property and from paying out moneys in connection with the proceedings; that on April 9, 1925, a permanent injunction was granted by the terms of which all proceedings had in connection with the improvements contemplated by ordinance No. 45501 (that being the number of the ordinance under which the condemnation action was brought) were declared null and void and the municipality and its agents were enjoined from proceeding further or spending any money in connection therewith. The motion to tax was denied.

It is now contended that inasmuch as the judgment does not specifically allow attorney's fees that it is improper to include them in the cost bill. Cases defining and limiting the meaning of the word "costs" in its general application are neither pertinent nor helpful. Section 1255a of the Code of Civil Procedure on its face would seem to answer the argument of appellant. It reads in part as follows: "Upon such abandonment . . . a judgment shall be entered dismissing the proceeding and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorneys' fees. These costs and disbursements, including expenses and attorneys' fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; . . . " It is patent as is said in *Pacific Gas etc. Co.* v. *Chubb*, 24 Cal. App. 265 [141 Pac. 36], that "Where plaintiff abandons the action section 1255a introduces another rule and authorizes attorneys' fees to be taxed as part of defendant's costs." To the same effect reference may be had to *Mojave etc. R. R. Co.* v. *Cuddeback*, 28 Cal. App. 439 [152 Pac. 943], wherein it is said: "Upon the face of the memorandum the claim for attorney's fees as provided by section 1255a was as necessary, proper, and legal as that for fees paid to the officers of the

court or for the attendance of witnesses. As stated, being verified it constituted a *prima facie* showing which, in the absence of any evidence to the contrary, should control the decision of the court.'' The reason behind the legislative enactment and the intent thereof is made manifest by a quotation from *City of Sacramento* v. *Swanston,* 29 Cal. App. 212 [155 Pac. 101], wherein it was held that the particular portion of the section now under consideration was constitutional. In speaking of actions in eminent domain the court there says: ''The result is that when this power is sought to be visited upon particular privately owned property, the owner thereof is, if proceedings in condemnation be found necessary, forced into litigation as to the subject matter of which he is in no way in default or for which he is not responsible in the sense in which a defendant who has breached a contract or by affirmative acts on his part has deprived the plaintiff of a right or imposed upon him a wrong is responsible for litigation. He, in short, although not desiring to give up his property for the price offered for it, or at all, and although acquiring title to it subject to the burdens which follow from an inherent power or legal right in the people in their sovereign capacity, does not invite the litigation, nor is he the actor therein, as one who violates a contract or commits some private wrong invites the litigation necessary to enforce the obligations of the contract or to correct the wrong.'' To the same general effect reference may also be had to *Silver Lake etc. Irr. Co.* v. *Los Angeles,* 32 Cal. App. 123 [162 Pac. 432], and *City of Los Angeles* v. *Cline,* 40 Cal. App. 487 [181 Pac. 78]. There can be no doubt but that the respondents were entitled to claim attorney's fees laid out, by and through the medium of their memorandum of costs.

The next argument of appellant is that ''there was no abandonment of this action by the City of Los Angeles''. However, before we may proceed with an examination of the question thus presented we must dispose of a counter-contention advanced by the respondents to the effect that the appellant cannot question the fact of abandonment in this appeal, which, as we have stated, is from the order denying the motion to tax costs and not from the judgment of dismissal. We think respondents' position must be sustained. The cost bill establishes, unless controverted, that

the moneys therein enumerated have been laid out and expended for the purposes therein specified and that the same were reasonably necessary. The fact of abandonment is determined in and by the judgment of dismissal. It certainly would result in an anomalous situation if we should say there was no abandonment and hence the costs were improperly taxed, and yet there remained a final judgment declaring and adjudging an abandonment to have occurred.

The next argument which we are called upon to dispose of is that section 14 of the 1903 Street Opening Act makes no provision for attorney's fees in the case of abandonment. That section formerly contained this sentence: "If the proceedings be abandoned or the action dismissed no attorneys' fees shall be awarded the defendants or either or any of them." But in the case of *City of Los Angeles* v. *Cline, supra,* with which authority we are in accord, it was held that the sentence just quoted was unconstitutional for the reason that it was special legislation. In the opinion in that case, after pointing out that the proceeding might have been commenced under the Street Opening Act of 1889, it is said: "As the act of 1889 is silent on the subject of allowances for attorneys' fees, it follows without any doubt that proceedings under that act are governed by the provisions contained in section 1255a of the Code of Civil Procedure, under which, upon abandonment and dismissal of the action, attorneys' fees must be allowed. There is no difference between the act of 1889 and the act of 1903, upon which to base a discrimination which would deprive the defendants of the right to an allowance for attorneys' fees in one proceeding, although that right clearly exists in the other proceeding. Moreover, there is much force in the arguments of respondents, that the rule stated in section 1255a of the Code of Civil Procedure, allowing attorneys' fees generally upon abandonment and dismissal of condemnation proceedings, should exclusively control all such cases, because equally in all such cases the defendant property owner is brought into court against his will and without any claim that he has violated any obligation due from him to the plaintiff. In this respect the situation of the defendant is precisely the same in an action to condemn land for street purposes as in an action to take his land for the use of a railroad or for any other public use."

The idea is impressed upon us that we are asked to do by judicial interpretation that which it was held the legislature could not do because of the resulting discrimination. The answer is obvious. A further complete answer to appellant's contention, however, is found in the act itself. The provision which we have heretofore quoted having been found to be unconstitutional, section 14 of the act from which the sentence is quoted must be read as though the words had never been written into it. When so read a portion of section 6 is applicable, which reads as follows: "Said action shall in all respects be subject to and governed by such provisions of the Code of Civil Procedure now existing or that may be hereafter adopted as may be applicable thereto except in the particulars otherwise provided for in this act."

Finally, it is argued that the lower court could not allow attorney's fees because the city was enjoined by the judgment in the Johnson case from paying "any costs or expenses incurred in connection with the improvement provided for by Ordinance No. 46537 (New Series), referred to in said complaint, including the costs of the prosecution of the condemnation suit purported to be authorized by said Ordinance No. 46537 (New Series), . . . " A complete answer to this argument is found in the language of the judgment. "Costs of the prosecution" by its very terms excludes "costs of defense". The latter are in almost the same category as those which were allowed to the plaintiff in the Johnson case.

Order affirmed.

Works, P. J., and Craig, J., concurred.