[Civ. No. 18566.   Second Dist., Div. Three.   May 1, 1952.]

PEOPLE'S FEDERAL SAVINGS AND LOAN ASSOCIA-
TION (a Corporation) et al., Respondents, v. STATE
FRANCHISE TAX BOARD, Appellant.

Edmund G. Brown, Attorney General, James E. Sabine and Edward Sumner, Deputy Attorneys General, for Appellant.

Leo Shapiro for Respondents.

VALLÉE, J.—Appeal by defendant from an adverse judgment in an action for refund of varying amounts of taxes paid under the Bank and Corporations Franchise Tax Act (Stats. 1929, p. 19 as amended; 3 Deering's Gen. Laws, Act 8488), referred to as the tax act, for the taxable years 1943 and 1944 (income years 1942-1943).

The action was brought by 29 plaintiffs. They are either mutual share federal savings and loan associations created under the Federal Home Owners' Loan Act of 1933 (12 U.S.C.A. § 1464 et seq.), or mutual share companies organized under the California Building and Loan Act. (Stats. 1931, ch. 269 as amended; 1 Deering's Gen. Laws, Act 986.)

In filing their returns for the taxable years 1943 and 1944, plaintiffs deducted all of the amounts paid, credited on, or apportioned to their withdrawable shares. As required by section 8(j) of the tax act as amended in 1937 (Stats. 1931, ch. 64, pp. 60, 62, § 8(i), as amended Stats. 1937, ch. 836, pp. 2324, 2326, § 8(j)), the Building and Loan Commissioner certified to the Franchise Tax Commissioner the rates specified therein to be 3.2 per cent for the taxable year 1943 and 2.9 per cent for the taxable year 1944. The Franchise Tax Commissioner then assessed additional franchise taxes against each plaintiff, disallowing deduction of the amounts paid, credited on, or apportioned to their withdrawable shares in excess of 3.2 per cent for the taxable year 1943 and in excess

of 2.9 per cent for the taxable year 1944. Plaintiffs paid the additional assessments.

Within the time provided by law each plaintiff filed a claim for refund which was denied. Each plaintiff then appealed to the Board of Equalization which sustained the denial of the claims. This action was then instituted for the recovery of the additional taxes with interest. (Stats. 1929, p. 19 as amended; 3 Deering's Gen. Laws, Act 8488, § 30.) The claim of each respective plaintiff is pleaded in a separate cause of action, and, with the exception of the amounts of taxes paid, identical allegations are made in each cause of action. The validity of the assessments is attacked by each plaintiff on identical grounds and each cause of action alleges the filing of a verified claim for refund on identical grounds.

The court concluded that the limitation of the allowable deduction on account of the return paid, credited on, or apportioned to the withdrawable shares of each plaintiff for the taxable years 1943 and 1944 to 3.2 per cent and 2.9 per cent respectively, was invalid, unconstitutional, and void. The plaintiffs had judgment as prayed. Defendant appeals.

Each plaintiff paid to the holders of its withdrawable shares a rate in excess of the average rate determined by the Building and Loan Commissioner for the taxable years 1943 and 1944 respectively, the amount of such excess being the amount of additional taxes paid and the amount sought to be recovered in this action with interest.

Section 8(j) of the tax act during the years in question read: "Section 8. Deductions allowed. In computing 'net income' the following deductions shall be allowed: . . . (j) [Return on mutual building and loan association shares.] In the case of a building and loan association, organized and operating wholly or partly on a mutual plan, the return paid or credited on or apportioned to the withdrawable shares of such association, but not exceeding the return such shares would receive computed at the average rate paid by all such associations in this State, or by such associations in a particular locality, as the Building and Loan Commissioner of this State may determine, on money borrowed or obtained through the issue during the income year of the association of all classes of notes and investment certificates not evidencing any proprietary interest in the association, such rate to be determined by the Building and Loan Commissioner and certified by him to the Franchise Tax Commissioner on or before the first day of March of each year." (Stats. 1929, ch. 13,

pp. 19, 23, § 8(i), as amended Stats. 1937, ch. 836, pp. 2324, 2326, § 8(j) ; 3 Deering's Gen. Laws, Act 8488, § 8(j).)

Section 8(j) was amended in 1945 to read: ''In the case of a building and loan association, organized and operating wholly or partly on a mutual plan, or a federal savings and loan association, organized and operating wholly or partly on a mutual plan, the return paid or credited on or apportioned to their withdrawable shares.'' (Stats. 1945, pp. 1779, 1791; 3 Deering's Gen. Laws, 1949 Supp., Act 8488, § 8(j).)

Two questions are presented. First: Is there a misjoinder of parties-plaintiff? Second: Was that portion of section 8(j) of the tax act limiting the deduction of the return paid, credited on, or apportioned to the withdrawable shares of mutual building and loan associations to the average rate as determined by the Building and Loan Commissioner unconstitutional, and if so, were plaintiffs entitled to deduct the entire return paid, or credited on, or apportioned to their withdrawable shares?

■ There is no misjoinder of parties-plaintiff. In an action to obtain refunds of taxes paid by several parties in which the same question of law is involved and the parties, if successful, will be entitled to the same relief, differing only as to the amount of refund each claims to be entitled to, it is permissible for the several parties to join as plaintiffs in one action instead of instituting several suits for the same relief. (Code Civ. Proc., § 378; *DeMille* v. *County of Los Angeles*, 25 Cal.App.2d 506, 508 [77 P.2d 905] ; *Parmely* v. *Boone*, 35 Cal.App.2d 517, 519 [96 P.2d 164].) In the case at bar there is only one question of law involved. It is common to all plaintiffs. The validity of the assessments is attacked on the same ground by all plaintiffs. A decision of the question of law involved necessarily determines the rights of all plaintiffs.

Plaintiffs-respondents argue that the phrase in section 8 (j) ''but not exceeding the return such shares would receive computed at the average rate paid by all such associations in this State, or by such associations in a particular locality, as the Building and Loan Commissioner of this State may determine,'' was unconstitutional in that it conferred an unlimited and uncontrolled discretion on the Building and Loan Commissioner in the selection of the particular locality to be used in determining the average rate ; and that, therefore, they were entitled to deduct the entire return paid, or credited on, or ap-

portioned to their withdrawable shares. Defendants-appellants do not discuss the constitutional question in their brief, but argue that to permit deduction of the entire return would constitute judicial legislation. We have concluded that plaintiffs' contention is well taken and that the judgment should be affirmed.

Section 8(j) authorized the commissioner to determine the amount that could be deducted by building and loan associations throughout the state by computing the average rate paid by all associations in the state, or by those in a particular locality, as he "may determine." The statute did not empower the commissioner to take any locality in the state and determine an average rate for that locality. It authorized him to determine the average rate in any locality he selected and apply that rate to all associations in the state. The commissioner was given unlimited and uncontrolled discretion to determine the particular locality to be used in computing the average rate. He had absolute discretion to select the state as a whole, or any locality or part of the state. He could select any area or locality, large or small. He was given the power to select such area or locality without restriction or limitation, with no rules or directions from the Legislature to guide him. No guide or standard of any kind was prescribed by the tax act. The statute gave him the uncontrolled and unguided power to determine an average rate entirely of his own selection. ██ The delegation of such uncontrolled power was void as an attempt to delegate legislative power to an administrative officer. (*Dominguez Land Corp.* v. *Daugherty*, 196 Cal. 468, 484 [238 P. 703] ; *In re Peppers*, 189 Cal. 682, 685-688 [209 P. 896] ; *Hewitt* v. *State Board of Medical Examiners*, 148 Cal. 590, 591-595 [84 P. 39, 113 Am. St.Rep. 315, 7 Ann.Cas. 750, 3 L.R.A.N.S. 896] ; *In re Williams*, 74 Cal.App. 331 [240 P. 42] ; *In re Application of Blanc*, 81 Cal.App. 105, 109-112 [252 P. 1053].)

In *Dominguez Land Corp.* v. *Daugherty*, 196 Cal. 468, it was stated, page 484 [238 P. 703] : "It is well settled that the legislature may commit to an administrative officer the power to determine whether the facts of a particular case bring it within a rule or standard previously established by the legislature for his governance. . . . If, however, no standard by which the officer is to be governed be prescribed by the lawmakers, then there is an attempt to entrust a mere administrative officer with the plenary power of the legislature, and there will then be no guard against possible arbitrary action."

The Building and Loan Commissioner recognized that it was impossible to compute the average rate for want of guide or standard. On July 28, 1944, he wrote the Franchise Tax Commissioner: ''In our opinion the section is needlessly complicated and ambiguous, and the computation required of the Building and Loan Commissioner is impossible to make.'' Furthermore it appears that for many years the Franchise Tax Commissioner permitted deduction of the entire return paid, credited on, or apportioned to the withdrawable shares of mutual building and loan associations, and that it was not until the amendment of section 8(j) in 1945, providing for deduction of the entire amount, that he for the first time declined to allow deduction in prior years of the amount in excess of the average rate and assessed additional taxes.

The next question is whether the invalid portion of section 8(j) was severable and, if so, what effect its severance has on the amounts which plaintiffs were required to pay. Plaintiffs say the invalid portion was severable; that the result is the same as if it had never been enacted; and the consequence is that the entire return paid, credited on, or apportioned to the withdrawable shares, was deductible in computing their net incomes. Defendant says the portion in question, if invalid, was not severable.

The Bank and Corporation Franchise Tax Act at all times has contained the usual severability clause declaring that if any portion of the act is invalid it was the intention of the Legislature to have passed the remainder without the invalid portion; and that it was its intention that the remainder operate. (Stats. 1929, pp. 19, 35, § 38; 3 Deering's Gen. Laws, Act 8488, § 38.) This provision imposes on the courts the duty of supporting the legislative will as far as possible. (*Matter of Application of Schuler,* 167 Cal. 282, 289 [139 P. 685, Am.Cas. 1915C 706].) A portion of a statute may be declared unconstitutional without affecting the remainder of the act where the result of the deletion of the unconstitutional portion will not make the statute meaningless and it can be said to have been the intention of the Legislature to have the act stand with such deletion. (*Estate of Childs,* 18 Cal. 2d 237, 245 [115 P.2d 432, 136 A.L.R. 333]; *In re Bell,* 19 Cal.2d 488, 497-498 [122 P.2d 22].) The Legislature clearly expressed the intention that the valid portion of section 8(j) should operate should any portion thereof be invalid.

When the invalid portion of section 8(j) is excluded it is clear that the remainder of the section contained

all of the elements of a completely operative statute and that the Legislature intended it so to be. The section was in the status it would have been had the invalid portion not have been included originally. Section 8(j) of the act must be read as though the invalid portion "had never been written into it." (*City of Los Angeles* v. *Abbott*, 114 Cal.App. 180, 184-185 [299 P. 807].) With the invalid portion deleted the section read: "In case of a building and loan association organized and operating wholly or partly on a mutual plan, the return paid or credited on or apportioned to their withdrawable shares of such association." This is the identical wording of the section after it was amended in 1945 except that the amendment added federal savings and loan associations. (Stats. 1945, p. 1791, § 8(j); 3 Deering's Gen. Laws, 1949 Supp., Act 8488, § 8(j).) This conclusion does not result in judicial legislation as urged by defendant. (*Bacon Service Corp.* v. *Huss*, 199 Cal. 21, 36 [248 P. 235].)

We conclude that: (1) there was no misjoinder of parties-plaintiff; (2) the portion of section 8(j) of the Franchise Tax Act attacked was unconstitutional and void; (3) the invalid portion of the section was severable from the remainder; (4) the remainder of the section was operative; and (5) plaintiffs were entitled to deduct the entire amount paid on, credited on, or apportioned to their withdrawable shares in computing their taxes for the taxable years 1943 and 1944 (income years 1942 and 1943).

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied May 21, 1952.