[Civ. No. 4982. Third Appellate District.—February 27, 1934.]

DAVID PETERS et al., Appellants, v. W. R. BIGELOW et al., Respondents.

136

Henderson, Henderson & Carey for Appellants.

H. R. Given and Carr & Kennedy for Respondents.

McCutcheon, Olney, Mannon & Greene, as *Amici Curiae* on Behalf of Respondents.

HELD, J., *pro tem.*—The plaintiffs herein are David Peters and William Peters. The amended complaint contains two counts. In the first count, plaintiff David Peters alleges that on the eighteenth day of June, 1931, at or near Salyer, in the county of Trinity, the defendants by force compelled him to go to the town of Weaverville, and that said defendants did then and there imprison him in the county jail of Trinity County, and detain him therein and restrain him of his liberty for a period of approximately seven days, without probable cause, and without any right or authority so to do, and against his will. Compensatory damages in the sum of $15,000 and punitive damages in the sum of $5,000 are alleged. The second count is substantially

a repetition of the first count, with the exception that where the name of plaintiff David Peters appears in the first count, there is substituted in the second count the name of William Peters. It is also alleged in the second count that the acts complained of by David Peters in the first cause of action "are the same acts complained of herein by plaintiff William Peters in this cause of action, and the times, places and persons present alleged in this cause of action are the same as those alleged in the first cause of action herein".

Defendants interposed a demurrer to the amended complaint. The demurrer is a general one as to each count of the amended complaint, and also on the grounds of misjoinder of parties, and misjoinder of causes of action. Thereupon, the court made its order sustaining defendants' demurrer to the amended complaint, without leave to amend. This order was entered in the minutes of the court on the twenty-fifth day of August, 1932, and judgment dismissing the action was entered on May 12, 1933. The plaintiffs appeal on the judgment-roll.

In support of the general demurrer, defendants argue that the amended complaint fails to show that the arrest of plaintiffs was unlawful. While the position of plaintiffs does not clearly appear from their brief, it is apparent that their contention must be that having shown the arrest, the burden is on defendants to show justification. In *People* v. *McGrew,* 77 Cal. 570 [20 Pac. 92, 93], it is held that plaintiff having shown the imprisonment, "it devolves upon the defendant to prove that he was justified in what he did, and that the imprisonment was lawful". In *Mackie* v. *Ambassador Hotel & Inv. Corp.,* 123 Cal. App. 215 [11 Pac. (2d) 3, 6], the court says: "The arrest being shown, the burden was on the person or persons making the arrest to show justification therefor." To the same effect are: *Sebring* v. *Harris,* 20 Cal. App. 58 [128 Pac. 7], and *Ah Fong* v. *Sternes,* 79 Cal. 32 [21 Pac. 381]. In the latter case the court says:

"The allegation that the plaintiff was confined and restrained of his liberty by the defendant is an allegation of physical and bodily restraint which would serve as a foundation of the old action of trespass *vi et armis.* In such an action it is not necessary to aver . . . that the imprisonment

was . . . unlawful. If matter of justification exists, it must be pleaded by defendant.''

This latter case was approved by the Supreme Court in *Monk* v. *Ehret*, 192 Cal. 189 [219 Pac. 452, 453], wherein it is said:

"We are satisfied that the complaint states a cause of action for false imprisonment. It is not necessary to allege that the imprisonment was unlawful."

Defendants rely on the case of *Evans* v. *Wixon*, 38 Cal. App. 542 [176 Pac. 873], which is one of the cases cited in a note to 25 Corpus Juris, page 532, in support of the text that "a plaintiff in an action for false imprisonment must aver that the detention or imprisonment was wrongful or unlawful". Other cases cited are: *Donati* v. *Righetti*, 9 Cal. App. 45 [97 Pac. 1128], and *Davis* v. *Pacific Tel. & Tel. Co.*, 127 Cal. 312 [57 Pac. 764, 765, 59 Pac. 698]. The same note refers to *Ah Fong* v. *Sternes, supra,* as containing a statement, *obiter dictum,* that such allegations are not essential. But *Ah Fong* v. *Sternes* is followed by the Supreme Court in *Monk* v. *Ehret, supra,* wherein it is also held that the statement in *Davis* v. *Pacific Tel. & Tel. Co., supra,* that, "in order for the complaint to state a cause of action for false imprisonment, it would have to show that the defendant unlawfully arrested plaintiff without legal authority" is *obiter dicta,* and the doctrine of *Ah Fong* v. *Sternes, supra,* is expressly reaffirmed.

Defendants rely also upon the case of *Burlingame* v. *Traeger*, 101 Cal. App. 365 [281 Pac. 1051].

■ An examination of the authorities will reveal that in those cases where it was held that a necessary allegation in the complaint was one setting forth that the imprisonment was unlawful, the arrest was made pursuant to process, allegedly invalid. On the other hand, in those cases (except *People* v. *McGrew, supra,* which was a criminal case), where it was held that a mere allegation of imprisonment was sufficient, the arrest was made without process. The rule would seem to be that where without process an arrest is made, it is not necessary to allege that such arrest was unlawful; while if process was employed, the facts constituting the invalidity thereof must be set forth. In other words, if the act complained of is one, the mere stating of which, constitutes a trespass, it is manifestly illegal. This

distinction is pointed out by this court in *McAlmond* v. *Trippel,* 93 Cal. App. 584 [269 Pac. 937, 938], where is quoted with approval from *Culver* v. *Burnside,* 43 S. D. 398 [179 N. W. 490], the following:

"The action for false imprisonment is frequently alleged to have been committed by reason of some wrongful arrest *under some pretended or void order* of some court, in which class of false imprisonment cases it is incumbent on the plaintiff to allege facts showing or tending to show that such arrest, under such court procedure, was wrongful, unauthorized and without any probable cause; but in a cause of action alleged as the one at bar there may have been no court procedure at all, and under such a complaint it is incumbent on the defendants, if they acted under lawful court procedure, to affirmatively allege and prove such facts as justification."

In *Ferst* v. *Hobro,* 125 Cal. App. 479 [13 Pac. (2d) 1055, 1056], cited by defendants, the distinction is recognized. It is there said that:

"Where, as here, it affirmatively appears from the complaint that the alleged wrongful detention *is pursuant to judicial proceedings,* facts must be stated showing that such proceedings were defective."

In *McAlmond* v. *Trippel, supra,* the allegation of the complaint is set forth at page 587 as follows: That the defendants "without legal authority of any kind whatsoever arrested and imprisoned the said plaintiff". And this court there quoted approvingly from *Culver* v. *Burnside, supra,* as follows:

"We are of the view that a complaint which states in substance that the defendants at a specified time and place, unlawfully and maliciously detained plaintiff and restrained him of his liberty for the space of one hour without any right or authority so to do, and against his will, states a cause of action, which is not subject to general demurrer."

The amended complaint here alleges the imprisonment of plaintiffs in the county jail, and their detention and restraint there for a period of approximately seven days, without any right or authority, and against their will. This is such a trespass upon the rights of plaintiffs as calls upon defendants to show a justification therefor. The amended complaint, therefore, states facts sufficient to con-

stitute a cause of action in favor of each plaintiff and against defendants.

Defendants urge also as grounds of demurrer that a cause of action in favor of plaintiff David Peters is improperly joined with one in favor of plaintiff William Peters, and also that there is a misjoinder of parties plaintiff. The joinder of parties and of causes of action are questions so inextricably interwoven that these grounds of demurrer must necessarily be considered together.

Section 378 of the Code of Civil Procedure, permits a joinder of plaintiffs in one action, where the relief sought arises out of the same transaction, whether jointly or severally, where if separate actions had been brought any question of law or fact would arise which are common to all the parties. A similar provision obtains under rules of court in England and in Canada, and it has been held that in such cases there are two conditions to be satisfied; first, that the right to relief alleged to exist in each plaintiff should be in respect of or arise out of the same transaction; and secondly, that there should be a common question of fact or law; and provisions of this character have been held to apply to actions for tort. (47 Cor. Jur., p. 59, sec. 119.)

In *Colla* v. *U-Drive Autos, Inc.*, 111 Cal. App. (Supp.) 784 [294 Pac. 378], five individuals, each of whom suffered personal injuries in the same accident, were held properly joined as plaintiffs in the same action, and permitted to recover the damages severally suffered by each. In this case, two individuals, David Peters and William Peters, by separate counts seek to recover for damages suffered by each alone by acts of defendants complained of. It sufficiently appears that the defendants committed such acts at the same time and place and with the same persons present. The arrest of both, it clearly appears was one transaction, within the meaning of that word. The same witnesses would no doubt be called as to both counts, and there would be a question of fact common to both. Without doubt, section 378 of the Code of Civil Procedure, clearly covers this case, and both plaintiffs are proper parties to the action.

The question then arises whether in a case where two plaintiffs may be joined as parties, they still may not join their causes of action in the same complaint. If this

be so, it could only arise from the language in section 427 of the Code of Civil Procedure, which requires that "the causes of action so united . . . must affect all the parties to the action". Obviously, William Peters is not affected by the cause of action alleged to exist in favor of David Peters, nor is the latter affected by the cause of action alleged to exist in favor of William Peters. Section 378 of the Code of Civil Procedure, was amended into its present form in 1927. Section 427 at that time contained the requirement that the causes of action united must affect all the parties to the action. It is plain that it was the intention of the legislature in amending section 378 in 1927 to except from the requirements of section 427 those cases coming within the provisions of section 378. To hold otherwise would give no effect whatever to the amendment of 1927 to section 378. Nor did the amendment of 1931 to section 427, relating to cases of conspiracy alone, serve to re-enact the requirement now in that section that the causes of action must affect all parties to the action. (Pol. Code, sec. 325.) This requirement being an unamended part of the section is deemed not to have been changed, but to retain the status it occupied prior to the amendment. (*City of Los Angeles* v. *Lelande,* 11 Cal. App. 302 [104 Pac. 717].) ▆ Otherwise, the 1931 amendment to section 427 must be held to have impliedly repealed section 378. And implied repeals are not favored. It will be presumed that the legislature did not intend such a repeal, if by a fair and reasonable construction effect can be given to both sections. (23 Cal. Jur. 694.)

▆ While the rule that causes of action where they do not affect the same parties may not be properly united was at one time strictly adhered to (*Johnson* v. *Kirby,* 65 Cal. 488 [4 Pac. 458]), this court prior to the amendment of section 378 into its present form, and the enactment of sections 379a, 379b and 379c relaxed the rule to permit the joinder of a cause of action affecting all the parties with another cause of action which affected only some of them. (*Hepler* v. *Wright,* 35 Cal. App. 567 [170 Pac. 667].) And this decision was approved by the Supreme Court in *Joerger* v. *Pacific Gas & Electric Co.,* 207 Cal. 8 [276 Pac. 1017]. There it was said:

"One of the objects of the reformed or code procedure is to simplify the pleadings and conduct of actions, and to permit the settlement of all matters of controversy between parties in one action, so far as may be practicable."

To the same effect are: *Nelson* v. *Marsh*, 100 Cal. App. 582 [280 Pac. 695], *Adams* v. *Southern Pac. Co.*, 109 Cal. App. 731 [293 Pac. 681], *McPhetridge* v. *Smith*, 101 Cal. App. 141 [281 Pac. 419], and *Teeter* v. *Los Angeles*, 209 Cal. 689 [290 Pac. 11].

The two causes of action set forth in the amended complaint are, therefore, properly joined in one complaint.

Inasmuch as the demurrer was improperly sustained, it is not necessary to pass upon the question whether the lower court abused its discretion in failing to allow plaintiff to further amend. It would seem, however, that such abuse of discretion could not be predicated upon the action of the court where leave was not asked. There can be no refusal, where there was no request made, that could be refused. (*Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550].)

The judgment is reversed, and the cause is remanded for further proceedings in accordance herewith.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 29, 1934, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 26, 1934.

Shenk, J., dissented.