[Civ. No. 23926. Second Dist., Div. Two. Nov. 30, 1959.]

CARL W. COLEMAN et al., Appellants, v. TWIN COAST NEWSPAPER, INC. (a Corporation) et al., Defendants; PAUL SHLIFF, Respondent.

Fizzolio & Fizzolio, Carl Q. Christol, Albert Vieri and James M. Fizzolio for Appellants.

Stanley Mosk, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondent.

HERNDON, J.—This is an appeal from a judgment dismissing the action as against defendant-respondent Paul Shliff. The dismissal was ordered pursuant to section 581, subdivision 3, of the Code of Civil Procedure, plaintiffs having failed to amend their third amended complaint within the time allowed by the court in an order sustaining a demurrer to said complaint on the ground that there was a misjoinder of parties plaintiff.

Appellants were three chiropractors who practiced their profession at separate locations in the city of Long Beach. Respondent was an employee of the State Food and Health

Department, a subdivision of the Department of Public Health. Defendant Mead was an investigator of the Board of Medical Examiners of the State of California. Defendant Twin Coast Newspaper, Inc., was the publisher of two Long Beach newspapers.

Each plaintiff set forth a separate cause of action against three named defendants sounding in trespass and alleging in substance as follows: That defendants had entered into a joint venture in which they conspired to molest, hinder and discredit plaintiff in his practice of chiropractic; that the joint venture was carried out through the actions of defendants in their individual capacities without official authority and under the guise of making an official investigation; that on a specified date defendants entered plaintiff's office without his consent, took photographs, inspected plaintiff's files, records and documents and ransacked through his papers, records and effects; that by reason of said acts of the defendants, plaintiff was prevented from using his premises as an office of chiropractic and was thereby prevented from carrying on his profession on said date; that by reason thereof plaintiff had been damaged in a specified sum.

Each plaintiff also alleged a second cause of action against two of the named defendants charging, in substance, that on a specified date said defendants had entered plaintiff's office and converted to their own use certain particularly described personal property owned by plaintiff. Each such cause of action for conversion alleged the value of the personal property converted.

In other words, the complaint contained six separate causes of action, each of which referred only to the particular plaintiff involved. The first cause of action is preceded by a title reading as follows: *"First Cause of Action of Carl W. Coleman against Twin Newspaper, Inc., a Corporation, doing business as Long Beach Independent and Long Beach Press Telegram, Paul Shliff, C. S. Mead, Does I to X, Inclusive."* Each of the several causes of action was preceded by a similar title or heading. The complaint contains no allegation to the effect that there was any community of interest among the three plaintiffs in any respect whatsoever.

Respondent's demurrer was sustained on the ground that there was a misjoinder of parties plaintiff in that the causes of action alleged by each plaintiff were not only separate and distinct from the causes of action alleged by the other two but that the causes of action of each plaintiff were based

upon a transaction entirely separate and distinct from the transactions giving rise to the causes of action of the other two.

The ruling of the trial court was clearly correct. Section 378 of the Code of Civil Procedure reads as follows: "All persons may be joined in one action as plaintiffs who have an interest in the subject of the action or in whom any right to relief in respect to or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons brought separate actions any question of law or fact would arise which are common to all the parties to the action; *provided,* that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

█ The purpose of section 378 is to permit the joinder in one action of several causes arising out of identical or related transactions and involving common issues. The statute should be liberally construed so as to permit joinder whenever possible in furtherance of this purpose. (*Dallman Supply Co. v. Sweet,* 86 Cal.App.2d 780, 784 [195 P.2d 864]; 37 Cal. Jur.2d 351, Parties, § 28.) █ The rules laid down by section 378 have been held to apply to actions in tort as well as in contract. (*Colla* v. *Carmichael U-Drive Autos, Inc.,* 111 Cal.App.Supp. 784, 786 [294 P. 378]; *Peters* v. *Bigelow,* 137 Cal.App. 135, 140 [30 P.2d 450]; 37 Cal.Jur.2d 352, Parties § 29.)

█ There may be permissive joinder of parties plaintiff under section 378 in two situations: (1) Where there exists *both* a common interest in the subject of the action *and* any question of law or fact common to all the plaintiffs (*Parmely* v. *Boone,* 35 Cal.App.2d 517, 519 [96 P.2d 164]), and (2) where there exists *both* a right to relief arising out of the same transaction or series of transactions and any common question of law or fact (*Peters* v. *Bigelow, supra;* see also 37 Cal.Jur.2d 351-352, Parties, § 29.)

A common interest in the subject matter of the action has been found to exist where four plaintiffs sued upon four separate causes of action on common counts for money had and received in connection with purported sales of securities in violation of the Corporate Securities Act. (*Parmely* v. *Boone, supra;* see also *Akely* v. *Kinnicutt,* 238 N.Y. 466 [144

N.E. 682].) And a right to relief arising out of the same transaction or series of transactions exists where several plaintiffs sue for personal injuries suffered in the same accident (*Colla* v. *Carmichael U-Drive Autos, Inc., supra*; *Emery* v. *Pacific Employers Insurance Co.*, 8 Cal.2d 663 [67 P.2d 1046]; where two persons are falsely imprisoned by the same acts committed at the same time (*Peters* v. *Bigelow, supra*); where taxpayers join to challenge the validity of assessments or recover taxes (*DeMille* v. *County of Los Angeles*, 25 Cal.App. 2d 506 [77 P.2d 905]; *People's Federal Savings & Loan Assn.* v. *State Franchise Tax Board*, 110 Cal.App.2d 696 [243 P.2d 902]); where holders of separate oil leases sue for an alleged trespass resulting from the drilling of one well by defendant (*Union Oil Co.* v. *Domengeaux*, 30 Cal.App.2d 266 [86 P.2d 127]); and where plaintiffs whose causes of action are based upon misrepresentation, or conspiracy and fraud allege a single scheme, depending on the same basic misrepresentations and leading to a series of transactions exactly similar in kind and manner of operation (*Adams* v. *Albany*, 124 Cal.App.2d 639 [269 P.2d 142]; *Aldrich* v. *Transcontinental Land & Water Co.*, 131 Cal.App.2d 788 [281 P.2d 362] (both involving cases in which property owners joined to recover damages against a subdivider who cheated them)).

 In the case at bar, appellants have sought to establish the existence of common questions of law and fact which may arise upon a trial of their respective causes of action. However, assuming that such common issues do exist, appellants do not and, we believe, clearly cannot, point to anything alleged in the complaint which establishes the existence of either a common interest in the subject matter of the action or a right to relief arising out of the same transaction or series of transactions. Three separate and distinct plaintiffs are suing to recover damages for alleged trespasses on separate and distinct premises and for alleged conversions of separate and distinct property. Clearly, these events did not constitute a single transaction and nothing is alleged to indicate a related series of transactions. The only fact which appears in the complaint is that three chiropractors, practicing in the same city, underwent scrutiny during the course of the same day. The community of interest necessary to allow permissive joinder under section 378 was entirely lacking.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.