[No. A027737. First Dist., Div. Three. Sept. 21, 1984.]

OLGA ANAYA, a Minor, et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
DOW CHEMICAL COMPANY et al., Real Parties in Interest.

[No. AO27738. First Dist., Div. Three. Sept. 21, 1984.]

BERNARD ACKERSON et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
DOW CHEMICAL COMPANY et al., Real Party in Interest.

## COUNSEL

Charles A. Zeller, Francis R. Ruggieri, Harold I. Miller and Donald D. Boscoe for Petitioners.

No appearance for Respondent.

Sedgwick, Detert, Moran & Arnold, Stephen W. Jones, Berridge R. Marsh, Marie Sovey Silveira, Scott D. Mroz, James A. Bruen, Stephen C. Lewis, Deborah J. Schmall, Landels, Ripley & Diamond, Gennaro A. Filice III, Roberta E. Nalbandian, Hardin, Cook, Loper, Engel & Bergez, James M. Goodman, Delbert C. Gee and Hassard, Bonnington, Rogers & Huber for Real Parties in Interest.

## OPINION

**BARRY-DEAL, J.**—These two petitions, considered together for convenience, present the question of whether numerous employees of the Occidental Petroleum Corporation and their family members must sue separately for injuries alleged to have been caused by industrial contamination. ▮ Code of Civil Procedure section 378 permits joinder of plaintiffs if they assert any right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact

common to all these persons will arise in the action; . . ." We conclude that the trial court erred in finding a misjoinder of plaintiffs.

Petitioners filed two lawsuits, one brought by some 218 husbands and wives seeking damages for exposure to 1,2-dibromo-3-chloropropane (DBCP) in a fertilizer and agricultural chemicals manufacturing facility, the other brought by 16 children of parents exposed to the chemical. The complaints alleged a course of conduct engaged in by the various defendants over the course of 20 to 30 years exposing male employees and, through the employees, their wives and children to the hazardous effects of the chemical.

Defendants, real parties in interest in this proceeding, demurred to the complaints on various grounds and moved to strike portions of the complaints. Their demurrers asserted misjoinder of plaintiffs. After hearing, the court ruled that plaintiffs were misjoined and that separate complaints should be filed on behalf of each allegedly injured employee (and/or spouse or heirs) and on behalf of the minor children of each allegedly exposed parent. The court permitted petitioners 90 days to file new complaints and declared that for statute of limitations purposes the filing of the new complaints would relate back to the date the original complaints were filed. Each of the court's two orders further stated: "This Order is without prejudice to the right of the Plaintiffs to move to consolidate one or more of the newly filed actions, to specially assign all such actions to a single judge, and to designate the actions as 'complex litigation' within the meaning of section 19 of the Standards of Judicial Administration Recommended by the Judicial Council."

Petitioners unsuccessfully sought reconsideration of the trial court orders. These petitions for writs of mandate followed, and we stayed the effect of the trial court's orders.

Code of Civil Procedure section 430.10, subdivision (d), permits a demurrer where "[t]here is a defect or misjoinder of parties." The standard for joinder of plaintiffs is set forth in Code of Civil Procedure section 378, quoted above. Thus, the question for us is whether the trial court could have correctly concluded either (1) that plaintiffs did not assert rights to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" or (2) that no question of law or fact common to all these persons would arise in the action.[1]

---

[1]In answering this question, we cannot ignore Witkin's observation that "[a]lthough the code seems to authorize the sustaining of a demurrer solely [for misjoinder of parties], the authorities indicate that the defendant is entitled to a favorable ruling only when he can show some prejudice suffered or some interests affected by the misjoinder. In practical effect this means that such a demurrer can be successfully used only by the persons *improperly joined.* A proper defendant is seldom injured by the joinder of unnecessary or improper parties plaintiff or defendant, and his demurrer ought to be overruled. [Citations.]" (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 823, p. 2432.)

(1) *Do the rights to relief arise out of the same transaction, occurrence, or series of transactions or occurrences?*

Citing *Coleman* v. *Twin Coast Newspaper, Inc.* (1959) 175 Cal.App.2d 650, 653-654 [346 P.2d 488], real parties contend that each petitioner's claim here is based on facts entirely different from the transactions giving rise to the causes of action of the other petitioners. In *Coleman,* three chiropractors sued a newspaper publisher and two state employees for conspiring to molest, hinder, and discredit them and for, under the guise of an official investigation, examining their files, ransacking their effects, and converting their personal property. The acts against the three chiropractors were separately pleaded, and the complaint failed to allege a community of interest among the three plaintiffs. The *Coleman* court found misjoinder. ■ However, it explained that the joinder statute "should be liberally construed so as to permit joinder whenever possible in furtherance of [its] purpose." (*Id.,* at p. 653.)

*Coleman* catalogued cases in which joinder had been found proper: "A common interest in the subject matter of the action has been found to exist where four plaintiffs sued upon four separate causes of action on common counts for money had and received in connection with purported sales of securities in violation of the Corporate Securities Act. (*Parmely* v. *Boone, supra,* [(1939) 35 Cal.App.2d 517 (96 P.2d 164)]; see also *Akely* v. *Kinnicutt* [1924] 238 N.Y. 466 [144 N.E. 682].) And a right to relief arising out of the same transaction or series of transactions exists where several plaintiffs sue for personal injuries suffered in the same accident (*Colla* v. *Carmichael U-Drive Autos, Inc., supra* [(1930) 111 Cal.App.Supp. 784 (294 P. 378)]; *Emery* v. *Pacific Employers Insurance Co.* [1937] 8 Cal.2d 663 . . .; where two persons are falsely imprisoned by the same acts committed at the same time (*Peters* v. *Bigelow, supra* [(1934) 137 Cal.App. 135 (30 P.2d 450)]); where taxpayers join to challenge the validity of assessments or recover taxes (*DeMille* v. *County of Los Angeles* [1938] 25 Cal.App.2d 506 . . .; *People's Federal Savings & Loan Assn.* v. *State Franchise Tax Board* [1952] 110 Cal.App.2d 696 . . .); where holders of separate oil leases sue for an alleged trespass resulting from the drilling of one well by defendant (*Union Oil Co.* v. *Domengeaux* [1939] 30 Cal.App.2d 266 . . .); and where plaintiffs whose causes of action are based upon misrepresentation, or conspiracy and fraud allege a single scheme, depending on the same basic misrepresentations and leading to a series of transactions exactly similar in kind and manner of operation (*Adams* v. *Albany* [1954] 124 Cal.App.2d 639 . . .; *Aldrich* v. *Transcontinental Land & Water Co.* [1955] 131 Cal.App.2d 788 . . . (both involving cases in which property owners joined to recover damages against a subdivider who cheated

them))." (*Coleman* v. *Twin Coast Newspaper, Inc., supra,* 175 Cal.App.2d at pp. 653-654.)

The *Coleman* court distinguished its case as follows: "In the case at bar, appellants have sought to establish the existence of common questions of law and fact which may arise upon a trial of their respective causes of action. However, assuming that such common issues do exist, appellants do not and, we believe, clearly cannot, point to anything alleged in the complaint which establishes the existence of either a common interest in the subject matter of the action or a right to relief arising out of the same transaction or series of transactions. Three separate and distinct plaintiffs are suing to recover damages for alleged trespasses on separate and distinct premises and for alleged conversions of separate and distinct property. Clearly, these events did not constitute a single transaction and nothing is alleged to indicate a related series of transactions. The only fact which appears in the complaint is that three chiropractors, practicing in the same city, underwent scrutiny during the course of the same day. The community of interest necessary to allow permissive joinder under section 378 was entirely lacking." (*Coleman* v. *Twin Coast Newspaper, Inc., supra,* 175 Cal.App.2d at p. 654.)

The situation here differs markedly from that present in *Coleman.* The employees are said to have been exposed to harmful chemicals at one location over a period of many years by inhalation, drinking of water, and physical contact. Thus, they were all involved in the same series of transactions or occurrences and assert rights to relief therefrom. The fact that each employee was not exposed on every occasion any other employee was exposed does not destroy the community of interest linking these petitioners.

(2) *Is there any question of law or fact common to all these persons?*

Real parties, instead of disputing the existence of common questions of law and fact, point to certain differences in the evidence to be presented and in the legal theories to be used by the various plaintiffs. They miss the point of Code of Civil Procedure section 378, which, by its terms, permits joinder where "*any* question of law or fact common to all" plaintiffs will arise. (Italics added.) Common issues of fact and law abound, because all plaintiffs allege employee exposure to DBCP at the same location over the course of many years.

Real parties point to the difficulty a jury may have in keeping track of the testimony of over 200 plaintiffs and raise other legitimate practical concerns. But those concerns may be addressed in proceedings brought under Code of Civil Procedure section 379.5, which provides: ". . . the court

may make such orders as may appear just to prevent any party from being embarrassed, delayed, or put to undue expense, and may order separate trials or make such other order as the interests of justice may require." Under the present legislative scheme, these practical concerns do not furnish grounds for finding a misjoinder of plaintiffs.

We have reached our conclusion after full briefing by the parties, and we have notified real parties of the possibility we would issue a peremptory writ in the first instance. (See Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) No purpose would be served by issuing the alternative writ, which would merely add further delay to the proceedings below.

Let a peremptory writ of mandate issue in each of these two proceedings directing the San Francisco County Superior Court to vacate each of its decisions sustaining the demurrers for misjoinder and to enter new orders in compliance with the views expressed herein.

Scott, Acting P. J., and Anderson, J., concurred.