[No. C068872. Third Dist. July 11, 2012.]

PAULA MOE et al., Plaintiffs and Appellants, v.
SCOTT DODD ANDERSON et al., Defendants and Respondents.

COUNSEL

Penney & Associates, Kevin L. Elder, Larry K. Eslinger; Boyd & Kimball, Boyd Kimball & Wilson and Betsy S. Kimball for Plaintiffs and Appellants.

Schuering Zimmerman & Doyle, Leo H. Schuering, Jr., Frances Burns and Michael J. Campbell for Defendant and Respondent Scott Dodd Anderson.

Hardy Erich Brown & Wilson, John Quincy Brown III and Cameron L. Cobden for Defendant and Respondent U.S. Healthworks Medical Group.

## OPINION

**HOCH, J.**—This lawsuit arises from separate incidents of sexual assault allegedly committed by Scott Dodd Anderson, M.D. (Anderson), against two

patients, Paula Moe and Edelmira Moe.[1] Paula and Edelmira, along with their husbands, Robert and Richard, respectively, sued Anderson and two corporations alleged to be his employer, U.S. Healthworks, Inc., and U.S. Healthworks Medical Group, P.C. (Healthworks), for medical malpractice, battery, sexual battery, intentional infliction of emotional distress, and loss of consortium. Defendants demurred, arguing that plaintiffs were improperly joined under Code of Civil Procedure section 378.[2] The trial court sustained the demurrer without leave to amend and dismissed the lawsuit. Plaintiffs appeal.

As we explain, the trial court was correct with respect to plaintiffs' claims against Anderson. Two separate and distinct sets of plaintiffs (i.e., (1) Paula and Robert and (2) Edelmira and Richard) sued Anderson for separate and distinct sexual assaults during separate and distinct time periods. Because their claims do not arise out of the same transaction, occurrence, or related series of transactions or occurrences, joinder was improper under section 378. And because plaintiffs have not demonstrated a possibility of correcting the defect through amendment, the trial court properly sustained Anderson's demurrer without leave to amend. However, the same is not true with respect to Healthworks. Plaintiffs' claims against Healthworks are predicated upon the direct negligence of Healthworks in hiring and supervising Anderson. Because these claims arise out of the same series of transactions or occurrences, i.e., the hiring and supervision of Anderson, joinder was proper under section 378. Accordingly, we shall affirm the judgment dismissing plaintiffs' lawsuit against Anderson and reverse the judgment dismissing plaintiffs' lawsuit against Healthworks.

## BACKGROUND

In accordance with the standard of review, we recite the facts as they are alleged in the complaint. (See *Department of Corporations v. Superior Court* (2007) 153 Cal.App.4th 916, 922, fn. 2 [63 Cal.Rptr.3d 624] ["standard of review for a ruling on a demurrer requires that we 'assume that the complaint's properly pleaded material allegations are true' "].)

In 2009, Paula and Edelmira were treated by Anderson in connection with separate workers' compensation claims. During Paula's visits, in May 2009, Anderson "made suggestive and sexual advances toward [her] without her consent and against her will, including touching [her] breasts and vagina." During Edelmira's visits, between July and September 2009, Anderson "made suggestive and sexual advances toward [her] without her consent and against her will, including touching [her] breasts, vagina, and buttocks." Anderson also penetrated Edelmira's vagina with a foreign object and engaged in oral

---

[1] Because plaintiffs have been designated with the same fictitious last name, we shall refer to them individually by their first names and collectively as plaintiffs.

[2] Undesignated statutory references are to the Code of Civil Procedure.

copulation, sexual intercourse, and sodomy with her, all "without her consent and against her will, and by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury."

On July 28, 2010, Paula and Edelmira sued Anderson and Healthworks for medical malpractice, battery, sexual battery, and intentional infliction of emotional distress. With respect to Healthworks, plaintiffs alleged that Anderson's tortious conduct was committed within the scope of his employment, and that Healthworks "either knew or should have known" that Anderson was "the subject of allegations charging him with sexual assault and battery upon former patients" at the time Anderson was hired. Thus, Healthworks was "negligent, careless, reckless and unlawful in the manner in which they selected, hired, trained, supervised, employed and counseled [Anderson] so as to proximately cause each of [plaintiffs'] injuries and damages." Moreover, Healthworks was "given express notice of [Anderson's] medical malpractice and sexual battery upon [Paula] prior to entering into [a] patient/physician relationship with [Edelmira]."

On September 24, 2010, Paula and Edelmira filed an amended complaint joining their husbands, Robert and Richard, respectively, as plaintiffs. This complaint asserted the four causes of action mentioned above and a fifth cause of action brought by Robert and Richard for loss of consortium.

On October 22, 2010, Anderson filed a demurrer to the amended complaint, arguing that plaintiffs were improperly joined. Relying on *Coleman v. Twin Coast Newspaper, Inc.* (1959) 175 Cal.App.2d 650 [346 P.2d 488] (*Coleman*), Anderson argued that because he was alleged to have assaulted Paula and Edelmira in different ways and on different occasions, "the causes of action brought on behalf of [Paula and Robert] are distinct from and based on different conduct and different transactions than the causes of action brought on behalf of [Edelmira and Richard]. Therefore, the two sets of plaintiffs do not share a common interest in the subject matter of the action or a right to relief arising out of the same transaction or series of transactions." Healthworks joined in Anderson's demurrer.

On April 22, 2011, plaintiffs filed an opposition to the demurrer, arguing that Paula and Edelmira did share a common interest in the subject matter of the action and asserted a right to relief arising out of the same series of transactions. Specifically, plaintiffs noted that Paula and Edelmira were referred by their employer to the same medical facility in connection with work-related injuries and saw Anderson on several occasions. Anderson gradually won their trust, but then began to make sexual advances, ultimately assaulting each of them. Plaintiffs also noted that Healthworks was being sued for negligent hiring and supervision of Anderson, which allowed him to sexually assault female patients, culminating in the actual rape of Edelmira. Relying on *Anaya v. Superior Court* (1984) 160 Cal.App.3d 228 [206 Cal.Rptr. 520] (*Anaya*),

plaintiffs argued that because Paula and Edelmira "were subjected to the same harmful conditions at one location," i.e., the predatory conduct of Anderson, they shared a common interest in the subject matter of the action and asserted a right to relief arising out of the same series of transactions.

On May 5, 2011, the trial court held a hearing on the demurrer. Addressing a tentative ruling issued by the trial court in which the court explained that joinder was improper because Anderson's assaults on Paula and Edelmira were separate and distinct occurrences, plaintiffs argued that joinder was proper because they sued Healthworks in addition to Anderson. However, plaintiffs also stated that if Anderson was the only defendant, they would agree with the trial court that joinder was not proper. Anderson countered that simply "naming the employer does not change the determination that these two occurrences are entirely distinct events." The trial court sustained the demurrer without leave to amend. Citing *Coleman, supra,* 175 Cal.App.2d at page 654, the trial court stated: "The assaults were not the same and did not occur at the same time. Although the conduct of defendant was similar, these were not the same events. Joinder is proper when the right to relief arises out of the same transaction or occurrence. The conduct alleged here does not arise out of the same transaction or occurrence. The causes of action alleged by each plaintiff are separate and distinct from the other." The trial court further stated: "It is obvious from the face of the complaint that the defect cannot be cured. Therefore, the demurrer is sustained without leave to amend. This ruling is without prejudice to plaintiffs to file new and separate complaints."

On May 31, 2011, plaintiffs sought to overturn the trial court's ruling by way of writ petition, which was summarily denied. On June 30, 2011, judgment was entered in favor of Anderson. Judgment was entered in favor of Healthworks on July 5, 2011. Plaintiffs appeal from both judgments.

## DISCUSSION

### I

*Standard of Review*

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189]; *Santa Teresa Citizen Action Group v. State Energy Resources Conservation & Development Com.* (2003) 105 Cal.App.4th 1441, 1445 [130 Cal.Rptr.2d 392].) " 'We treat the demurrer as admitting all material facts

properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]; see *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].)

"The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317]; see *Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.)

## II

### Dismissal of the Claims against Anderson

Plaintiffs assert that they were properly joined in their lawsuit against Anderson because "[e]ach woman came into Anderson's medical practice after referral by her respective worker's [*sic*] compensation carrier, Anderson assaulted both women while they were seeking medical treatment from him at his office, and he used both of them for his own sexual gratification." Plaintiffs acknowledge that they "do not know and thus cannot allege what might be short-handed as 'Anderson's M.O.' in committing these assaults, such as, for example, how he was able to be alone with Edelmira, Paula and the other female patients whom he victimized, which lies or tricks—or even threats—he regularly used to convince these women that he should even be allowed to touch, much less violate, the areas of their bodies at issue. What [plaintiffs] do know and have alleged is that Anderson is a serial sex abuser and they are among his victims."[3] We conclude that the trial court correctly sustained the demurrer with respect to the claims against Anderson.

---

[3] The reference to "other female patients" Anderson is claimed to have victimized alludes to a separate criminal case that has been brought against the doctor. Plaintiffs requested that we take judicial notice of the complaint and information filed in that case. We denied this request. However, as mentioned, the standard of review requires us to treat as true all facts properly pleaded. The complaint alleges that a criminal complaint has been filed against Anderson and that there are "at least three other patients" included as alleged victims in that criminal case. We therefore accept as true the fact that a criminal case has been filed that includes additional alleged victims. We do not, however, assume that any of the allegations *in the criminal case* are true.

Section 378 provides in relevant part: "(a) All persons may join in one action as plaintiffs if: [¶] (1) They assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; or [¶] (2) They have a claim, right, or interest adverse to the defendant in the property or controversy which is the subject of the action."

"A common interest in the subject matter of the action has been found to exist where four plaintiffs sued upon four separate causes of action on common counts for money had and received in connection with purported sales of securities in violation of the Corporate Securities Act. [Citations.] And a right to relief arising out of the same transaction or series of transactions exists where several plaintiffs sue for personal injuries suffered in the same accident [citations]; where two persons are falsely imprisoned by the same acts committed at the same time [citation]; where taxpayers join to challenge the validity of assessments or recover taxes [citations]; where holders of separate oil leases sue for an alleged trespass resulting from the drilling of one well by defendant [citation]; and where plaintiffs whose causes of action are based upon misrepresentation, or conspiracy and fraud allege a single scheme, depending on the same basic misrepresentations and leading to a series of transactions exactly similar in kind and manner of operation [citations]." (*Coleman, supra,* 175 Cal.App.2d at pp. 653–654.)

In *Coleman, supra,* 175 Cal.App.2d 650, the plaintiffs (three chiropractors) sued the defendants (an employee of the State Food and Health Department, an investigator with the Board of Medical Examiners, and the publisher of two newspapers) for trespass and conversion after the defendants entered their separate offices without permission on the same day, inspected certain documents, and destroyed certain property. Defendants demurred on the ground that there was a misjoinder of parties plaintiff. The trial court sustained the demurrer without leave to amend. (*Id.* at pp. 651–653.)

█ The Court of Appeal affirmed. The court noted that "[t]he purpose of section 378[4] is to permit the joinder in one action of several causes arising

---

[4] *Coleman* was decided based on the prior version of section 378. The prior version read as follows: "All persons may be joined in one action as plaintiffs who have an interest in the subject of the action or in whom any right to relief in respect to or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, where if such persons brought separate actions any question of law or fact would arise which are common to all the parties to the action; *provided,* that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled." (§ 378, as amended by Stats. 1927, ch. 386, § 1, p. 631.)

out of identical or related transactions and involving common issues. The statute should be liberally construed so as to permit joinder whenever possible in furtherance of this purpose." (*Coleman, supra,* 175 Cal.App.2d at p. 653.) However, assuming common issues of law or fact existed, the court held joinder was improper because the plaintiffs did not assert a right to relief arising out of the same transaction or series of transactions, explaining: "Three separate and distinct plaintiffs are suing to recover damages for alleged trespasses on separate and distinct premises and for alleged conversions of separate and distinct property. Clearly, these events did not constitute a single transaction and nothing is alleged to indicate a related series of transactions. The only fact which appears in the complaint is that three chiropractors, practicing in the same city, underwent scrutiny during the course of the same day. The community of interest necessary to allow permissive joinder under section 378 was entirely lacking." (*Id.* at p. 654.)

Similarly, here, the events do not constitute a single transaction and nothing is alleged to indicate a related series of transactions. Two separate and distinct sets of plaintiffs (i.e., (1) Paula and Robert and (2) Edelmira and Richard) are suing Anderson for separate and distinct sexual assaults during separate and distinct time periods. Paula was assaulted in May 2009. She claims that Anderson made suggestive and sexual advances toward her without her consent and against her will, including touching her breasts and vaginal area. Edelmira was assaulted between July and September 2009. She also claims that Anderson made suggestive and sexual advances toward her without her consent and against her will, including touching her breasts, vaginal area, and buttocks. However, Anderson went further with respect to his assaults on Edelmira, forcibly penetrating her vagina with a foreign object and engaging in oral copulation, sexual intercourse, and sodomy with her, all without her consent and against her will. These sexual assaults, perpetrated against separate women at separate times, cannot be considered the same transaction or occurrence.

Nor have plaintiffs alleged that the assaults against Paula and Edelmira are a related series of transactions or occurrences within the meaning of section 378. In an attempt to make this argument, plaintiffs rely on *State Farm Fire & Casualty Co. v. Superior Court* (1996) 45 Cal.App.4th 1093 [53 Cal.Rptr.2d 229] (*State Farm*), disapproved on another point in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 184–185 [83 Cal.Rptr.2d 548, 973 P.2d 527] and *Aldrich v. Transcontinental Land etc. Co.* (1955) 131 Cal.App.2d 788 [281 P.2d 362]. Both cases involved a

---

To allow joinder, the prior and current provisions both require the same transaction or series of transactions based on common questions of law or fact to all parties. Thus, *Coleman* continues to be good law on section 378 and, in fact, is relied on in cases involving the current version of section 378. (See, e.g., *Anaya, supra,* 160 Cal.App.3d at pp. 232–233.)

common scheme to defraud a group of plaintiffs, " 'depending upon the same basic misrepresentations, and leading to a series of transactions exactly similar in kind and manner of operation which have affected all of the plaintiffs.' " (*Aldrich, supra,* 131 Cal.App.2d at p. 794, quoting *Adams v. Albany* (1954) 124 Cal.App.2d 639, 647 [269 P.2d 142] [subdivider sold property to a number of buyers based on fraudulent misrepresentations]; see *State Farm, supra,* 45 Cal.App.4th at p. 1113 [insurer deceived a number of policyholders with respect to coverage].) Here, unlike *State Farm* and *Aldrich,* where the gravamen of the lawsuit was the fraudulent scheme that was common to all plaintiffs, the gravamen of plaintiffs' claims against Anderson is the harmful sexual touching that was perpetrated against each victim on separate occasions.

Moreover, while plaintiffs argue that "Anderson's crimes against Paula and Edelmira were nothing other than 'exactly similar in kind and manner of operation[,]' and different only in details such as dates and the fact his crimes went beyond fondling as to Edelmira," they candidly admit that they have no basis upon which to allege that " 'Anderson's M.O.' " was exactly similar with respect to each victim. The complaint simply alleges that Anderson engaged in a "pattern and practice of committing sexual assault and battery upon patients" while working for Healthworks. We cannot conclude that Anderson's alleged status as a "serial sex abuser" is enough to show that the two alleged sexual assaults are the same or related transactions under section 378.

■ Finally, plaintiffs have not carried their burden of demonstrating a reasonable possibility that the defect, i.e., their misjoinder as plaintiffs against Anderson, can be cured by amendment. (See *Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 748–749 [122 Cal.Rptr.2d 787]; see also *Aubry v. Tri-City Hospital Dist., supra,* 2 Cal.4th at p. 967.) While, as we explain below, plaintiffs were properly joined in their lawsuit against Healthworks, we cannot conclude that merely adding Healthworks to the lawsuit cures the misjoinder as against Anderson. Unlike the claims against Healthworks, the claims against Anderson are based on two separate and distinct sexual assaults involving two female patients. As discussed above, the two sexual assaults do not constitute the same transaction and cannot be considered a series of related transactions within the meaning of section 378. Accordingly, we must affirm the judgment dismissing plaintiffs' lawsuit against Anderson.

## III

### *Dismissal of the Claims Against Healthworks*

We do agree with plaintiffs' contention that they were properly joined in their lawsuit against Healthworks because their claims against Healthworks arise from the same related series of transactions, i.e., the negligent hiring and supervision of Anderson.

■ We begin by noting that the trial court did not address whether plaintiffs were properly joined against Healthworks in ruling on the demurrer. Nevertheless, because our standard of review is de novo, we must decide for ourselves whether (1) plaintiffs "assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all [plaintiffs] will arise in the action . . . ." (§ 378, subd. (a)(1).) If either condition has not been met, we are required to affirm the judgment of dismissal.

In *Anaya, supra,* 160 Cal.App.3d 228, numerous employees of a petroleum company and their family members sued the company alleging that the company engaged in a course of conduct over the span of 20 to 30 years that exposed male employees and, through the employees, their wives and children to the hazardous effects of a certain chemical, DBCP (1,2-dibromo-3-chloropropane). The trial court sustained demurrers based on misjoinder. (*Id.* at pp. 230–231.) The Court of Appeal issued a writ of mandate directing the trial court to vacate that decision. The court first addressed whether the plaintiffs asserted a right to relief arising out of the same series of transactions or occurrences. Distinguishing *Coleman, supra,* 175 Cal.App.2d 650, the court explained: "The employees are said to have been exposed to harmful chemicals at one location over a period of many years by inhalation, drinking of water, and physical contact. Thus, they were all involved in the same series of transactions or occurrences and assert rights to relief therefrom. The fact that each employee was not exposed on every occasion any other employee was exposed does not destroy the community of interest linking these petitioners." (*Anaya, supra,* 160 Cal.App.3d at p. 233.) Turning to the second requirement, the court explained that "[c]ommon issues of fact and law abound, because all plaintiffs allege employee exposure to DBCP at the same location over the course of many years." (*Ibid.*)

While, as plaintiffs acknowledge, *Anaya, supra,* 160 Cal.App.3d 228 is not factually on point, we find it to be instructive. There, the defendant engaged in a series of transactions over the course of 20 to 30 years that exposed the plaintiffs to a hazardous chemical; the plaintiffs' lawsuit arose out of this series of transactions. Here, Healthworks is alleged to have engaged in a

series of transactions, i.e., the negligent hiring and supervision of Anderson, which exposed plaintiffs to Anderson's predatory conduct. Thus, as was the case in *Anaya*, plaintiffs have asserted a right to relief arising out of the same series of transactions. So too are there common issues of law or fact. The same evidence with respect to Healthworks's hiring and supervision of Anderson will need to be adduced in separate lawsuits if joinder is not allowed.

We conclude that plaintiffs were properly joined against Healthworks and reverse the judgment dismissing their lawsuit against those defendants.

## DISPOSITION

The judgment dismissing plaintiffs' lawsuit against Scott Dodd Anderson, M.D., is affirmed. The judgment dismissing plaintiffs' lawsuit against U.S. Healthworks, Inc., and U.S. Healthworks Medical Group, P.C., is reversed and the matter is remanded with directions to the trial court to enter a new order overruling the demurrer with respect to U.S. Healthworks, Inc., and U.S. Healthworks Medical Group, P.C. Costs on appeal are awarded to plaintiffs. (Cal. Rules of Court, rule 8.278(a)(1).)

Butz, Acting P. J., and Duarte, J., concurred.