Filed 11/8/22 Patton v. County of Riverside CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| STEPHANIE PATTON et al., | |
| Plaintiffs and Appellants, | E074929 |
| v. | (Super.Ct.No. RIC1701787) |
| COUNTY OF RIVERSIDE et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. Daniel A. Ottolia, Judge. Affirmed.

Traylor Law Office and Michael S. Traylor for Plaintiffs and Appellants.

Thompson & Colegate and Susan Knock Beck for Defendants and Respondents.

1

Stephanie Patton and Kendrick Knighten appeal from a judgment dismissing their professional negligence and wrongful death claims against Riverside County and two of its employees. Plaintiffs argue the trial judge erred by dismissing their claims against defendants for failure to satisfy the claim presentation requirements in Government Claims Act (Gov. Code, § 810 et seq.) (the Act).[1] We conclude the pleadings and evidence properly introduced on demurrer show that plaintiffs failed to comply with the Act's prerequisite to filing a lawsuit against a public entity for damages. We therefore affirm.

## I

## FACTS

On January 30, 2017, plaintiffs brought an action for professional negligence and wrongful death against Riverside County (as the owner and operator of Riverside University Health System and Riverside County Regional Medical Center) and Bipin Patel, M.D., a physician who works for the county.[2] Plaintiffs alleged that two months after their 15-year-old daughter was a patient in a county hospital and prescribed Lexapro, she took her own life as a result of the side effects of the drug. Plaintiffs alleged defendants negligently contributed to their daughter's death by prescribing a drug with a high risk of suicidal ideations in teenagers without first determining whether the drug and

---

[1] Unlabeled statutory citations refer to the Government Code.

[2] Later in the litigation, plaintiffs added a county pharmacist as defendant, Mark Tang, Pharm. D. Plaintiffs also sued various private individuals and entities, but we do not discuss them here because they are not parties to this appeal.

dose was appropriate and without providing any warnings about the drug's lethal side effects. The truth of these troubling allegations is not at issue in this appeal, however. And so we focus our summary on on facts relating to the threshold issue of claim presentation.

Early in discovery, defendants served plaintiffs with requests to admit, among other things, that: (1) Riverside University Health System "is a government entity," (2) plaintiffs "did not comply with the presentation requirements of the [Government] Claims Act," (3) plaintiffs "did not present a Government Tort Claim to the required local public entity prior to the filing of [the complaint] in this action," and (4) plaintiffs "do not have a Government Tort Claim Number as assigned by the Clerk of the Board of Supervisors for the County of Riverside." Plaintiffs did not respond to these requests, and on March 22, 2018, the trial court entered orders deeming them admitted.

On May 18, 2018, defendants moved for summary judgment, arguing plaintiffs had failed to comply with the Act's requirement of presenting a public entity defendant with a claim for damages within six months of the claim's accrual. They attached the declaration of Cecilia Gil, who was then the assistant to the clerk of the county Board of Supervisors. Gil said she maintained the database of all the tort claims submitted to the county Board of Supervisors under the Act and the county had not received a tort claim from plaintiffs.

Plaintiffs filed an opposition arguing they had substantially complied with the Act. They attached the declaration of one of plaintiffs' counsel's employees, who said that on

3

August 23, 2016, she prepared and sent "letters" to the following six recipients: Riverside University Health System; Jeri Lou Vaughan at Riverside University Health System Foundation; Dr. Patel; Erin Phillips at RUHS Foundation; the Riverside County Regional Medical Center Department of Psychiatry; and the Riverside County Regional Medical Center Pharmacy Department. The employee attached several copies of certified mail receipts but did not attach any copies of the letters.

On August 6, 2018, the court continued the hearing on the summary judgment motion to allow plaintiffs to file an amended complaint. However, before the court issued that ruling, defendants' counsel reminded the court of the March 22 orders deeming their requests for admissions admitted.

About a week later, on August 14, 2018, plaintiffs filed a motion for relief from the March 22 orders, and defendants filed an opposition. When plaintiffs' counsel failed to appear at the hearing on his own motion, the court denied the motion without prejudice. As far as we can tell from the record and briefing on appeal, plaintiffs never refiled the motion.

Defendants filed demurrers to plaintiffs' amended complaint, arguing once again that their claims were barred for failure to satisfy the Act's claim presentation requirements. In support, defendants attached—and asked the court to take judicial notice of—the declaration of the current board assistant, Karen Barton, who said the clerk of the board did not receive any tort claims from plaintiffs until *July and September of 2018*—more than a year and a half after they filed the lawsuit. Barton attached copies of these

4

claims to her declaration. Plaintiffs did not appear at the hearing. The court granted defendants' request for judicial notice and sustained the demurrers with leave to amend to "give [plaintiffs] another chance to add some additional facts and see what they have to say."

On August 30, 2019, plaintiffs filed the complaint at issue, the fourth amended. That pleading contains a 10-page section on claim presentation in which plaintiffs said, on August 22, 2016, they sent a "notice" by certified mail "to Riverside County" and the notice was "received by the clerk" and transmitted to the Board of Supervisors. Plaintiffs also said that, in response to defendants' "untrue assertions that the . . . notices were not received (and out of an abundance of caution)," they also sent notices in July and November 2018.

Defendants once again filed demurrers raising the claim presentation issue. In support, they resubmitted—and asked the court to take judicial notice of—Barton's declaration saying the only tort claims the county had received from plaintiffs were the ones from July and November 2018. At a hearing on November 27, 2019, the court granted defendants' request for judicial notice, concluded plaintiffs failed to allege compliance with the Act's claim presentation requirements, and sustained the demurrers without leave to amend.

After the court entered judgment on December 17, 2019, plaintiffs filed a motion for relief from the order sustaining the county's demurrer under Code of Civil Procedure sections 473 and 657. In support, their counsel submitted a declaration saying he had

5

made an inadvertent mistake when drafting the complaint and should have alleged the notice had been sent *to the clerk*, not to the county.

At a hearing on February 27, 2020, the court denied plaintiffs' motion, explaining that any further amendment would be futile because its decision to sustain the demurrers was based upon facts subject to judicial notice and facts deemed admitted on March 22, 2018.

## II

## ANALYSIS

A.  *The Court Properly Sustained the Demurrers*

Plaintiffs argue the judge erred by concluding they hadn't satisfied the Act's claim presentation requirements and sustaining defendants demurrers on that ground. We disagree.

We independently review a ruling sustaining a demurrer without leave to amend, meaning "we exercise our independent judgment about whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory." (*Moe v. Anderson* (2012) 207 Cal.App.4th 826, 830.) We treat facts as alleged in the complaint as true unless they are contradicted by matters subject to judicial notice. (*State Dept. of State Hospitals. v. Superior Court)* (2015) 61 Cal.4th 339, 346 (*Novoa*); *Tucker v. Pacific Bell Mobile Services* (2012) 208 Cal.App.4th 201, 210.)

Subject to exceptions not relevant here, section 905 requires the presentation of "all claims for money or damages against local public entities." Commonly referred to as

the claim presentation requirement, the Act states that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected." (§ 945.4.)

As relevant here, a claim for personal injury must be presented within six months after accrual (§ 911.2) by either mailing or delivering the claim to the public entity's "clerk, secretary or auditor" (§ 915, subd. (a)). Claims that are not mailed or delivered in this manner will nevertheless be deemed presented if, "within the time prescribed for presentation," it is "actually received by the clerk, secretary, auditor, or board of the local public entity." (§ 915, subd. (e)(1).)

As our Supreme Court has explained, the claim presentation requirement "'is more than a procedural requirement, it is a *condition precedent* to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action.'" (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1240, italics added.) Because the failure to timely present the claim "bars the action," the failure to allege facts demonstrating or excusing compliance with the requirement "subjects a complaint to general demurrer for failure to state a cause of action." (*Id.* at p. 1241.)

Applying these principles here, we see three independent bases to support the trial court's conclusion that plaintiffs' claims against defendants are barred. First—and contrary to their assertion in the trial court and again on appeal—the complaint does not sufficiently allege compliance with the claim presentation requirements. This is because

7

the complaint failed to allege plaintiffs sent a claim in the manner the Act requires—that is, by delivering it to the county's clerk, secretary, or auditor. Nor does the complaint allege facts to support actual receipt in accordance with section 915, subdivision (e)(1). As we've seen, that provision requires actual receipt by the clerk, secretary, auditor, or board *within the time prescribed for presentation*, and here, the complaint simply alleged the clerk received plaintiffs' notice without specifying when.

For the same reason, plaintiffs are mistaken to rely on Dr. Patel's deposition testimony that he had previously seen their claim letter as evidence of actual receipt under section 915, subdivision (e)(1). Putting aside that deposition testimony is not admissible at the pleading stage (*Novoa*, *supra*, 61 Cal.4th at p. 346), Dr. Patel's full testimony on the topic was that he recalled risk management showing him the claim letter at some point before his deposition but, crucially, couldn't remember when that had happened. Without an allegation (or evidence subject to judicial notice) demonstrating the letter had actually been received *within six months* of claim accrual, the actual receipt exception does not apply.

A second ground for sustaining the demurrers is the March 22, 2018 order deeming defendants' requests for admissions regarding claim presentation admitted. Those admissions establish that plaintiffs failed to present the county with a timely claim. At oral argument, Patton's counsel argued that the admissions pertain to his client's conduct only. He argued the admissions establish that Patton *herself* didn't present a timely claim but do not establish that he, *her attorney*, also failed to present a timely

8

claim. This argument is unpersuasive for several reasons, including that defendants' request for admissions define "Plaintiff" and "You" to include Patton and anyone "acting or purporting to act on behalf of'' her, which certainly includes her legal counsel.

And finally, evidence properly before the trial court demonstrated that, even if plaintiffs had drafted their complaint differently to sufficiently plead compliance, the allegations would be demonstrably false. The county's records demonstrate that plaintiffs didn't present their claim to the county until well over a year after they filed suit against defendants, in July 2018. And, contrary to plaintiffs' contention, courts may consider such evidence at the pleading stage. "When a plaintiff alleges compliance with the claims presentation requirement, but the public records do not reflect compliance," the public entity can "request the court to take judicial notice under Evidence Code section 452, subdivision (c) that *the entity's records do not show compliance*." (*Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, 376; citing, *Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1752, italics added.) Thus, even if plaintiffs had sufficiently alleged compliance, the county's records would override those allegations.

B.    *The Motion for Relief from the Judgment*

Plaintiffs argue the court erroneously denied their motion for relief from the judgment, whereas defendants argue we lack jurisdiction to entertain this challenge because plaintiffs failed to specify the court's order in their notice of appeal.

Defendants are correct that plaintiffs were required to specify the order denying their motion for relief in their notice of appeal. "[W]here several judgments and/or orders

9

occurring close in time are separately appealable . . . each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal." (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 239 [cleaned up].) However, because we must liberally construe notices of appeal, whether an appellant has specified a separately appealable order, practically speaking, comes down to whether they made their intentions "reasonably clear" such that the respondent is not prejudiced. (*D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 361.) We conclude plaintiffs have satisfied that standard. Though they didn't specify the order *by name* (as defendants point out), they did specify the order *by date*, when they stated they were appealing a judgment or orders entered on January 3, 2020 and February 27, 2020. Because these are the dates of the judgment and the order denying plaintiffs' motion for relief, respectively, we conclude plaintiffs made it reasonably clear they intended to appeal the latter.

On the merits, however, we agree with defendants that plaintiffs failed to demonstrate they are entitled to relief from the judgment. Plaintiffs' motion sought relief under Code of Civil Procedure sections 473 and 657, both of which require the movant to demonstrate the judgment against them was the result of their own excusable mistake. Under the first provision, the movant must show the judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." (Code Civ. Proc., § 473, subd. (b).) Under the second provision, the movant must show the judgment was the result of "[a]ccident or

10

surprise, which ordinary prudence could not have guarded against." (Code Civ. Proc., § 657, subd. 3.)

Plaintiffs cannot meet either standard. Their motion was based on their counsel's declaration saying he made a mistake in not drafting the complaint differently. If given another chance, he said, he would draft it to make clear that he sent the notice "to the clerk of the Board of Supervisors," rather than to the county. But allowing such an amendment wouldn't change the outcome of the case, because the county's records would also contradict the new allegations. In other words, plaintiffs are not entitled to relief under either provision because the judgment against them wasn't *the result of* counsel's mistake (in drafting); it was the result of evidence demonstrating their claims are barred. In light of that evidence, any attempts to amend the complaint would be futile.

## III

## DISPOSITION

We affirm the judgment. In the interests of justice, the parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:

RAMIREZ _____
P. J.

FIELDS _____
J.

11