Filed 12/2/24  Baker v. Department of Transportation CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MARLON BAKER et al., | C098022, C099396 |
| Plaintiffs and Appellants, | (Super. Ct. No. STKCVUCR20210011036) |
| v. | |
| DEPARTMENT OF TRANSPORTATION et al., | |
| Defendants and Respondents. | |

These consolidated appeals arise out of the trial court's dismissal of Marlon Baker and Gary Moore's action against their former employer, the Department of Transportation (Caltrans), and individual employees.  Plaintiffs argue:  (1) the trial court lacked subject matter jurisdiction to dismiss the action as to defendant Mark Taylor because he failed to appear; (2) the court erred in concluding their claims were misjoined by failing to broadly construe Code of Civil Procedure section 378 and their complaint; (3) the court erred in setting aside defaults taken as to individual defendants because these defendants did not show they were represented by counsel when the defaults were taken; and (4) the court

1

erred by not awarding Plaintiffs attorneys' fees and costs when it set aside the defaults.[1] Plaintiffs also seek leave to amend. We affirm the judgment.

## I. BACKGROUND

In the complaint's first cause of action, Baker alleges defendants Taylor, Jon Bevan, Athena Cline, Joey Cook, and Paul Cruz violated section 1981 of title 42 of the United States Code. In the complaint's second cause of action, Moore alleges defendants Cruz, Sal Perez, and Joe Norman violated section 1981 of title 42 of the United States Code. Both causes of action allege the relevant defendants engaged in racial discrimination against the relevant plaintiff and retaliated against him for reporting discrimination and race-related retaliation. The remaining five causes of action were asserted only by Moore and named only Caltrans as a defendant. They allege Caltrans violated Government Code section 12940, Labor Code sections 98.6 and 1102.5, the Family and Medical Leave Act, and the California Family Rights Act.

"In accordance with the standard of review, we recite the facts as they are alleged in the complaint." (*Moe v. Anderson* (2012) 207 Cal.App.4th 826, 828 (*Moe*).)

Baker is an African American and worked on the B Street bridge crew for almost all of the relevant time period. Another member of this crew, Taylor, is the subject of many of Baker's allegations. For instance, Baker alleges Taylor: (1) told Baker that he carries a concealed weapon in his car parked on Caltrans property, (2) has a tattoo that suggests membership in a white supremacist gang, (3) used the n-word in front of Baker, and (4) shoved a level into Baker's genitals. A Caltrans employee, who is not named as a defendant in this action, referred to Baker as "boy," and after a crew meeting was held and management stated that they are not to refer to each other as "boy," Taylor referred to Baker as "boy." Baker told defendant Norman, the maintenance yard superintendent, that

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

he saw Taylor poke another Caltrans employee "in the butt" with a stick, and Norman failed to report it as a workplace violence matter. Defendant Cook, a lead worker, took a photo while Taylor's buttocks were positioned over Baker's head. Taylor was promoted, and sabotaged equipment. Meanwhile, defendant Cline, the former Deputy District Director, retaliated against Baker by taking him off the B Street bridge crew and sending him to the Lincoln Street yard. At the Lincoln Street yard, Baker was effectively demoted to pulling weeds and his overtime work was eliminated. Further, defendant Cruz told the Lincoln Street yard crew that Baker "is trouble and to stay away from him."

Moore is also African American. He only worked in the Lincoln Street yard. Defendant Norman and the Lincoln Street yard crew members stopped talking to Moore after he reported that a co-worker "might kill himself or someone else." Moore was isolated and obtained "a Kaiser note to excuse him from work." Cruz, a supervisor, demanded the note be on Kaiser letterhead, accused Moore of fraud, and divulged private medical information to the crew members. When Moore complained, Norman sided with Cruz and said the letter could be a fraud. When Moore returned to work, he "sees posted on the Supervisor Perez' [*sic*] door a racially offensive picture of comedian Dave Chappell, suggestive that blacks are lazy, on drugs, and constantly seeking ways to get out of work." Moore was not hired for jobs that he applied for in other districts and was told, "if you report wrongdoing in any district, you won't get hired anywhere within Caltrans."

In May 2022, Caltrans demurred to the entire complaint on the basis of misjoinder of parties. (§ 430.10, subd. (d).) In August 2022, the trial court sustained the demurrer on this basis with leave for Plaintiffs to file separate complaints. In the interim, Plaintiffs apparently served most of the individual defendants.

In October 2022, Plaintiffs requested entry of default as to individual defendants Bevan, Cline, Cook, Cruz, Norman, and Taylor.[2] All of these individual defendants other than Taylor filed a motion to set aside these requests. The court granted the motion and set aside the default judgments that had been entered.

In January 2023, the court granted Caltrans's motion to dismiss and dismissed the complaint with prejudice as to Caltrans.

In April 2023, after Plaintiffs declined to file amended or separate complaints, the court issued an order to show cause why it should not dismiss the complaint in its entirety without prejudice based on its earlier determination that Plaintiffs were misjoined in the action as to all defendants. After the hearing on the order to show cause, the court dismissed the action without prejudice. The court thereafter entered judgment accordingly.

## II. DISCUSSION

### A. Defendant Taylor

Plaintiffs argue the trial court lacked subject matter jurisdiction to dismiss Taylor because he failed to appear. On October 27, 2022, the court entered a default as to Taylor. "After a default, a defendant is ' "out of court" ' and cannot take any further steps in the cause affecting the plaintiff's right of action until the default is set aside in a proper proceeding." (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 887.) Taylor was not one of the parties that moved to set aside a request for entry of default as to him. Nor is he represented in this appeal. Plaintiffs argue the court erred by including Taylor in its June 14, 2023 dismissal order. We are not convinced the court *did* include Taylor in the referenced order. Rather, it appears the order treated Taylor as "out of court." The order explains the court issued an order to show cause why it should not exercise its inherent

---

[2] Defaults were entered as to all but Bevan.

4

discretion to dismiss Plaintiffs' complaint in its entirety as to all the named individual defendants, but when the order references all the individual defendants by name, it never mentions Taylor. The order does state broadly in its conclusion that the court "orders this action dismissed without prejudice," but default had already been taken as to Taylor, and it was not set aside. Indeed, when judgment was ultimately entered based on the order of dismissal, it was not entered in favor of Taylor. Thus, it does not appear the trial court dismissed the action as to Taylor and we find no error.

B.     *Misjoinder*

Plaintiffs argue the trial court erred in denying joinder by failing to broadly construe section 378 and their complaint. We disagree.

In reviewing a ruling sustaining a demurrer on the basis of misjoinder, "our standard of review is de novo," meaning "we exercise our independent judgment about whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. [Citations.] ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " (*Moe, supra,* 207 Cal.App.4th at pp. 830-831.)

Section 378, subdivision (a)(1), provides: "All persons may join in one action as plaintiffs if: [¶] [] They assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Further, "[i]t is not necessary that each plaintiff be interested as to every cause of action or as to all relief prayed for." (§ 378, subd. (b).)

Plaintiffs argue they assert a right to relief against Caltrans "and/or its employees involving a common hostile work environment." Notably, only one plaintiff named Caltrans as a defendant. Plaintiffs argue they both alleged causes of action under section

5

1981 of title 42 of the United States Code against a common defendant, Cruz. They appear to contend this cause of action satisfied the requirement of a common question of law or fact. The inquiry of whether there is a common question of law or fact tends to merge with the question of whether the right to relief arises out of the same transaction or series of transactions. (*Petersen v. Bank of America Corp.* (2014) 232 Cal.App.4th 238, 249.) Plaintiffs have failed to demonstrate they assert a right to relief that arises "out of the same transaction, occurrence, or series of transactions or occurrences."

Plaintiffs argue the right to relief arose "out [of] an occurrence and series of occurrences, including a common hostile environment, as identified in the complaint allegations." They also rely on authority explaining, " 'The requirement that the right to relief arise from the "same transaction or series of transactions" is construed broadly. It is sufficient if there is *any factual relationship* between the claims joined.' " (*Petersen v. Bank of America Corp., supra*, 232 Cal.App.4th at p. 249.) They have nonetheless failed to demonstrate any factual relationship between the relevant claims. As the trial court explained, the conduct alleged against Cruz "varies significantly between the Plaintiffs." With respect to Moore, it was alleged that Cruz accused him of fraud, demanded that a note to be excused from work be on Kaiser letterhead and signed, and divulged private medical information. With respect to Baker, it was alleged that Cruz, after speaking with other defendants or Caltrans employees, told the crew at the Lincoln Street yard that Baker was "trouble and to stay away from him." The only common facts or transactions Plaintiffs offer on appeal are the poster and the allegation that Cruz told Moore that Baker was trouble and to avoid talking to him. As to the poster, which was allegedly displayed by Supervisor Perez with Norman's consent, Plaintiffs fail to demonstrate it has any bearing on either of their claims against Cruz. Nor do they allege that Cruz was aware of the poster or supervised Perez. As to the statement that Baker was trouble and to stay away from him, Plaintiffs have failed to demonstrate the allegation has any bearing on

Moore's claim against Cruz. As such, Plaintiffs have failed to demonstrate joinder was permissible.

The trial court found *Moe* instructive. So do we. In it, this court held that joinder of claims against the same doctor was improper by two separate and distinct sets of plaintiffs "for separate and distinct sexual assaults during separate and distinct time periods." (*Moe, supra*, 207 Cal.App.4th at p. 833.) Two women had been treated by the doctor in connection with separate workers' compensation claims. (*Id*. at p. 828.) Both women claimed the doctor made suggestive and sexual advances toward them without their consent and against their will, but the doctor "went further with respect to his assaults on [the second woman], forcibly penetrating her vagina with a foreign object and engaging in oral copulation, sexual intercourse, and sodomy with her, all without her consent and against her will." (*Id*. at p. 833.) In other words, while the doctor's conduct toward each woman bore similarities, it was not enough "to show that the two alleged sexual assaults are the same or related transactions under section 378." (*Id*. at p. 834.) "[U]nlike [authorities] where the gravamen of the lawsuit was the fraudulent scheme that was common to all plaintiffs, the gravamen of plaintiffs' claims against [the doctor] is the harmful sexual touching that was perpetrated against each victim on separate occasions." (*Ibid*.) We explained the plaintiffs "were properly joined in their lawsuit against [the doctor's employer] because their claims against [the employer] ar[o]se from the same related series of transactions, i.e., the negligent hiring and supervision of [the doctor]." (*Id*. at pp. 835-836.) Here, however, only one plaintiff has named Caltrans as a defendant. Thus, we cannot conclude joinder was proper.

"Finally, plaintiffs have not carried their burden of demonstrating a reasonable possibility that the defect, i.e., their misjoinder as plaintiffs . . . , can be cured by amendment." (*Moe, supra*, 207 Cal.App.4th at p. 834.) Plaintiffs state, if required, they seek leave to amend to allege they were subjected to the racist poster at the same time and that Cruz told Moore that Baker was trouble and to avoid him when Baker was

7

assigned to the crew. We have already essentially assumed the complaint contained these allegations and found them insufficient. Plaintiffs also offer to allege "Perez and Cruz told [Moore] when [Baker] was assigned to the crew that [Baker] was lazy; and that [Moore] and the entire crew were retaliated against when [Baker] was assigned to the crew." Plaintiffs, however, offer no argument or authority to explain how any of these additional allegations would cure the defect in their complaint. Plaintiffs have therefore failed to meet their burden to demonstrate how any amendment would assist them.

## C.     *Discretionary Relief from Default*

As set forth above, in October 2022, Plaintiffs requested entry of default as to Bevan, Cline, Cook, Cruz, Norman, and Taylor. All except Taylor filed a motion to set aside these requests based on mistake, inadvertence, surprise, and/or excusable neglect under section 473, subdivision (b). The court granted the motion under its discretionary authority under that statute. It found these defendants reasonably relied on the court's order sustaining Caltrans's demurrer in opting not to file answers to the complaint. Plaintiffs raise two arguments relating to the court's order that both fail because they misunderstand which provision for relief the court relied upon in granting the motion.

"Section 473, subdivision (b), contains two distinct provisions for relief: one is discretionary and is reserved for situations of excusable neglect, while the other is mandatory and applies even to inexcusable neglect of an attorney resulting in his or her client's default provided that the attorney submits an adequate affidavit of fault." (*Bailey v. Citibank, N.A.* (2021) 66 Cal.App.5th 335, 348.) The mandatory provisions do not apply if "the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) Thus, for instance, when an attorney is not representing defendants at the time the default is entered, mandatory relief is unavailable. (*Bailey, supra*, pp. 349-350.)

Plaintiffs argue individual defendants failed to meet their burden to show they were represented by counsel when defaults were taken against them. This argument fails

8

because the court granted the motion for relief from default under the discretionary relief provision of section 473, subdivision (b).[3] As such, eligibility for relief did not depend on counsel representing the defendants at the time default was entered.

Plaintiffs argue the trial court erred in failing to grant them attorneys' fees and costs. "The mandatory relief provision of section 473, subdivision (b), states as follows: 'Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' " (*Bailey v. Citibank*, *N.A., supra*, 66 Cal.App.5th at pp. 348-349, emphasis omitted.) "This indispensable admission by counsel for the moving party that his error resulted in the entry of a default or dismissal from which relief is sought is commonly referred to as an 'attorney affidavit of fault.' " (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 609.) Plaintiffs rely on the provision stating, "The court *shall, whenever relief is granted based on an attorney's affidavit of fault*, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties." (§ 473, subd. (b), italics added.) Here, the trial court did not grant relief based on an attorney's affidavit of fault. Rather, it granted relief under its

---

[3] It provides: "The court *may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b), italics added.)

discretionary authority.  As such, Plaintiffs have not demonstrated the court was required to award them fees and costs.

### III.  DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

DUARTE, J.